FRED HAMILTON, Appellant, *v.* FRANK H. DAVEY, Respondent.

*Action for malicious prosecution — when the evidence does not justify a dismissal of the complaint.*

When the evidence given in an action to recover damages for malicious prosecution does not establish the existence of probable cause and the absence of malice sufficiently to justify the court in passing upon these questions as matters of law and in dismissing the complaint, considered.

APPEAL by the plaintiff, Fred Hamilton, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of Orange on the 5th day of August, 1897, upon the dismissal of the complaint by direction of the court after a trial at the Orange Trial Term.

*A. H. F. Seeger*, for the appellant.

*George H. Decker*, for the respondent.

GOODRICH, P. J.:

The complaint sets out a cause of action to recover damages for malicious prosecution. It also contains allegations which are usual in actions for false imprisonment, but the trial proceeded upon the theory that it was an action for malicious prosecution.

It is well settled that four things must be shown in such an action: *First*, the institution of the proceedings; *second*, a want of probable cause; *third*, malice; *fourth*, the termination of the prosecution in favor of the plaintiff. The answer admits that the defendant entered a complaint before a justice of the peace, and that the justice issued a warrant which was delivered to a constable, and that

the plaintiff was arrested thereunder. It denies the other allegations of the complaint and alleges that, at various times between December 1, 1896, and January 26, 1897, there were feloniously stolen from him two dollars and upwards in money, and goods to the amount of two dollars and upwards in value, and that he had just cause to suspect the plaintiff to be guilty of such offense. It clearly appears by the evidence that the prosecution has terminated in favor of the defendant. This left two questions open for consideration, probable cause and malice. At the close of all the evidence the court dismissed the complaint, and from the judgment entered thereon, and the order denying a new trial, the plaintiff appeals.

The plaintiff contends that the affidavit upon which he was arrested was insufficient, in that it did not allege the facts constituting the offense so as to connect him therewith, but contained only the allegation that the defendant herein had " just cause to suspect and believe, and does suspect and believe, that Fred Hamilton * * * stole the same, and the said Frank H. Davey suspects and believes that the said Fred Hamilton is guilty of said offense."

Although this affidavit was probably insufficient to justify the issuing of the warrant, I do not consider the question essential upon this appeal, except as it bears upon the question of want of probable cause.

It becomes necessary to state somewhat carefully the facts as shown by the evidence. The defendant, who was a farmer, employed the plaintiff as a laborer, and the plaintiff lived with him during the times mentioned in the affidavit. It was not until the last day of his employment, January twenty-ninth, that the defendant charged the plaintiff with theft. At this time the plaintiff asked for the balance of his wages, when the defendant accused him of having stolen a dollar at one time, seventy cents at another and forty cents at another, also a necktie, a collar and a pair of rubbers. The defendant paid the plaintiff's wages to January fifteenth, deducting the money and the value of the articles, and the plaintiff left the house, but returned the next morning with his mother, when the defendant paid him three dollars and fifty cents more, and the plaintiff took his trunk away.

There is testimony showing that a summons was served upon the defendant on the day the warrant was issued and some hours previ-

ous thereto, but neither the name of the party plaintiff therein nor the cause of action appears in the record. As soon as this summons, whatever it was, had been served upon the defendant herein, he applied to the justice for a warrant for the arrest of the present plaintiff, and the warrant was issued and given to a constable who arrested the plaintiff, and while he was taking him to the office of the justice in his wagon, he stopped at the post office, where he received a letter from the defendant saying : " Let Mr. Hamilton's racket rest at present." The constable proceeded with the plaintiff to defendant's house, and the defendant told him to let the prisoner go. This arrest was on the eleventh of February. On the seventeenth, the plaintiff appeared before the justice, when the latter discharged him, there being no one present to prosecute him.

The defendant, in order to show the circumstances out of which his suspicions of the plaintiff arose, offered evidence that he began to miss money on December twenty-seventh, and again a week later; and again, and upon a later occasion, a still further sum of money from a pocket book in the drawer of a bureau in his own bedroom. He searched the plaintiff's trunk and found in it the necktie and the collar, and saw the overshoes lying by the trunk in his bedroom. After the first money was missed he placed fragments of paper and the pocket book containing the money in a drawer, in such a way that the drawer could not be opened, or the pocket book taken from its place without changing the condition of the paper. He admits that he set these as traps for the plaintiff, and he testified : " I did it to get just what I got, evidence, so that I could prove that he stole these articles."

The defendant, however made no charge against plaintiff, but continued him in his employment until December twenty-seventh. The plaintiff denied having stolen the money or the property.

The evidence at the trial was of such a character as to raise a question of fact whether there was a want of probable cause, and whether the defendant was actuated by malice in obtaining a warrant against the plaintiff.

It was held in the case of *Besson* v. *Southard* (10 N. Y. 236, 240) that " What is meant by the expression, that probable cause is a mixed question of law and fact, and when it is proper to submit it to the jury to pass upon, is correctly explained in *Masten* v. *Deyo* (2

Wend. 424). If the facts which are adduced as proof of a want of probable cause are controverted; if conflicting testimony is to be weighed, or if the credibility of witnesses is to be passed upon, the question of probable cause should go to the jury with proper instructions as to the law. But where there is no dispute about facts, it is the duty of the court, on the trial, to apply the law to them."

In *Heyne* v. *Blair* (62 N. Y. 19, 23) the court said: "It is pre-eminently a question for the judgment of twelve men to determine, what, upon a doubtful state of facts, or upon facts from which different men would draw different conclusions, that is, upon facts capable of different inferences, would be the belief and action of men of ordinary caution and prudence. Such is the rule in all questions of the like character, and there is no reason why this class of action should form an exception to the rule. It is not the province of this court to pass upon the weight of evidence in the case before us, or determine whether, submitted to the jury with proper instructions, they should have found the want of probable cause."

Under these authorities we think that the existence of probable cause and the absence of malice were not so clearly shown, or so conclusively established, as to render it proper for the court to pass upon them as matter of law, and that the case was one where the evidence should have been passed upon by the jury. There was, at least, a conflict of evidence, whether the plaintiff had stolen the money; whether the defendant was justified in entertaining suspicion of him, and whether the circumstances justified such suspicion, and all these questions had bearing upon the want of probable cause. There was also evidence bearing upon the question of malice. The defendant, after becoming suspicious of the plaintiff, retained him in his service for several weeks, meanwhile setting traps, as he admits, for the purpose of securing evidence of a theft to be thereafter committed, and for which he afforded opportunity to the plaintiff. He did not attempt to secure a warrant for the plaintiff's arrest until the service of a summons of some kind upon him, and these circumstances were so closely connected with the question of malice as to require a submission to the jury of the question as to the defendant's malice in procuring the plaintiff's arrest.

We think that the dismissal of the complaint was error, for which the judgment and order should be reversed.

All concurred, except CULLEN, J., absent.

Judgment reversed and new trial granted, costs to abide the event.