LONG ISLAND BOTTLERS' UNION, Appellant, v. MICHAEL SEITZ, Respondent.

MALICIOUS PROSECUTION — PROBABLE CAUSE — QUESTION OF FACT. Where a criminal prosecution is instituted and carried on without any legal authority or justification, in an action for malicious prosecution based thereon, the question of good faith and probable cause cannot be disposed of as matters of law by the court, but should be submitted to the jury.

*Long Island Bottlers' Union* v. *Seitz*, 86 App. Div. 632, reversed.

(Argued December 14, 1904; decided January 17, 1905.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the second judicial department, entered August 10, 1903, affirming a judgment in favor of defendant entered upon a verdict directed by the court and an order denying a motion for a new trial.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Charles M. Stafford* for appellant. The verdict directed by the learned trial justice is against the evidence and contrary to law. It was proven by uncontradicted evidence that the defendant did not have probable cause to institute the criminal proceedings, and it was error for the court to direct the jury to render a verdict for defendant. (*Peggo* v. *Dinan*, 72 App. Div. 435; *A. C. Ins. Co.* v. *Hagerty*, 92 Hun, 26; *Wright* v. *Bartholomew*, 66 App. Div. 362; *Wass* v. *Stephens*, 128 N. Y. 123; *Hazzard* v. *Flury*, 120 N. Y. 223; *Bradner* v. *Faulkner*, 93 N. Y. 415; *Fagnan* v. *Knox*, 66 N. Y. 525; *Dennis* v. *Ryan*, 65 N. Y. 385; *Farman* v. *Feeley*, 56 N. Y. 451; *Fay* v. *O'Neill*, 36 N. Y. 11.) Advice of counsel may be shown to mitigate inference of malice, but it does not form basis for a finding of fact that he had probable cause to believe the plaintiff guilty of a crime. (*Scott* v. *D. S. C. Co.*, 51 App. Div. 321; *Hazzard* v. *Flury*, 120 N. Y. 223; *Willard* v. *Holmes*, 2 Misc. Rep. 303.)

*Martin Paskusz* and *Henry L. Cohen* for respondent. The plaintiff did not establish upon the trial lack of probable cause. The evidence clearly established that the defendant had probable cause for instituting the search warrant proceedings. The material facts upon which the search warrant proceedings were being based were true; and being undisputed, the court below was justified in directing a verdict for the defendant. (Abbott's Trial Ev. 825; *Kutner* v. *Fargo*, 34 App. Div. 317; *Stewart* v. *Sonneborn*, 98 U. S. 187; *Besson* v. *Southard*, 10 N. Y. 236; *Gordan* v. *Upham*, 4 E. D. Smith, 9; *Carpenter* v. *Halsey*, 57 N. Y. 657; *Dennis* v. *Ryan*, 65

N. Y. 385; *Thaule* v. *Krekeler*, 81 N. Y. 428; *Willard* v. *Holmes*, 142 N. Y. 497; *Masten* v. *Deyo*, 2 Wend. 424; *Scott* v. *D. S. C. Co.*, 51 App. Div. 325.)

O'BRIEN, J.   This was an action for malicious prosecution. At the close of the evidence the trial court directed a verdict for the defendant, on the ground that there was probable cause for the prosecution complained of, or at least that the plaintiff had not shown want of probable cause, and, therefore, had failed to make out a case.   To this ruling the plaintiff's counsel excepted, and this exception presents the sole question in the case.

The plaintiff is a domestic corporation, and its business consists in collecting from the various public dumping grounds in the city of New York bottles, cans, kegs and boxes stamped with the names of the various breweries from whose establishments they were originally distributed.   No one was arrested, but the plaintiff claims that it was unlawfully and without probable cause prosecuted criminally by the defendant, with resulting damages.

It seems that the brewers, of which the defendant is one, became stockholders and members of the plaintiff association, and as such conferred authority upon the plaintiff to collect the bottles and boxes and deliver them to the brewers who owned them for a compensation.   The relations between the plaintiff and the various brewers were defined by the by-laws of the plaintiff.   Under these by-laws it seems that membership in the plaintiff corporation or association could be terminated by a resignation filed with the plaintiff one month before it was to take effect.   The defendant filed a paper with the plaintiff, in which it was stated that he resigned as a member of the association and revoked all powers of attorney and other instruments by which he had conferred upon the plaintiff the right to collect, receive or accept any bottles belonging to him, and that this resignation was to take effect immediately.   There is no doubt about the fact that the defendant, as one of the plaintiff's members, conferred

power upon the plaintiff to collect, assort and deliver his bottles. Nor can there be any doubt about the fact that he terminated that right by the paper in question, which was filed with the plaintiff on the 10th of May, 1900. But by the plaintiff's by-laws the defendant's membership could not be terminated until he paid all his dues, fees or liabilities that the plaintiff could lawfully demand of him for its services in the employment referred to, and the plaintiff claims that the defendant did not comply with these conditions.

While the defendant may have continued a member of the plaintiff association under the by-laws, he could still revoke any power which was conferred upon the plaintiff in regard to the handling of his property. It seems, however, that the plaintiff continued to collect and assort the defendant's bottles and boxes after the filing of the paper referred to. It appears that in the month of August following the plaintiff had in its possession four thousand five hundred bottles bearing the defendant's mark and inscription, which it had collected and assorted and prepared for delivery to the defendant. The plaintiff had this property in its possession under a claim of right; that is to say, it claimed that inasmuch as the defendant's resignation was not perfected by the payment of his dues he still continued to be a member and that the plaintiff had a right to collect, assort and deliver the bottles as before, notwithstanding the service of the paper referred to.

It is not necessary in this case to determine what the exact rights of the parties were after the filing of the paper revoking the plaintiff's authority. It is enough to say that the plaintiff claims that the relations of the parties were not terminated, since the defendant, under the by-laws, had not ceased to be a member. On or about the third of August, 1900, the defendant's agent made an affidavit that the plaintiff had in its possession various bottles, kegs or boxes marked and distinguished as the defendant's property, and that this property was being unlawfully used, bought, sold or taken, or trafficked in or secreted in the plaintiff's premises. The defendant presented this affidavit to a magistrate who thereupon issued a

search warrant to discover and obtain the property and caused it to be brought before him.  The magistrate thereupon proceeded to inquire into the circumstances of such possession and after a hearing dismissed the proceedings and directed the property to be restored to the plaintiff.  This proceeding was instituted and conducted, as the defendant claims, under and pursuant to chapter 933 of the Laws of 1896, which is known as the " Bottle Act."  This statute authorizes criminal proceedings to be instituted against parties who unlawfully take, detain, sell or traffic in bottles marked or stamped with the name of the owner.  The statute is quite broad in its general scope and purpose, but we do not think that it has any application to the plaintiff in this case, whose business it was to collect this kind of property and assort and deliver it to the owners.  The plaintiff may have been wrong with respect to the construction that it placed upon its own by-laws as establishing certain relations between the parties, which could not be terminated until all dues were paid.  It may be that the plaintiff's claim to retain the property in its possession until the dues of the defendant had been paid is not good.  It may be mistaken in the position that it has taken in regard to its rights and the defendant's liabilities.  But it is quite certain that there was no criminal element in the plaintiff's action in acquiring possession of the property, or in detaining it.  The defendant knew that there was a dispute with respect to the right of possession of the property.  Hence, the statute above referred to had no application to the case.  It may be that the defendant could have acquired possession of his property by a civil action, but it seems to us that it was not a criminal act to detain the property under the circumstances.

It follows, therefore, that the criminal proceeding before the magistrate upon the search warrant, which is the prosecution complained of, was unauthorized by the statute, and, hence, the prosecution was without warrant of law, and when a criminal prosecution is instituted and carried on without any legal authority or justification it cannot be said, as matter of law, that there was probable cause for the prosecution.

The defendant in his answer alleges that the prosecution was instituted in good faith and under the advice of counsel. It is quite likely that it was. It may be that the defendant and his counsel honestly believed that there was probable cause for the prosecution, since it is quite difficult to understand the real scope and meaning of the statute, but on careful consideration we think that the detention of the property by the plaintiff was in no sense criminal. The defendant's good faith is always an important element in such an action, but unless there was some legal authority or foundation for procuring the search warrant and instituting the proceeding the question of good faith and probable cause could not be disposed of as matter of law by the court, but presented a question for the jury. The plaintiff's exception to the direction of a verdict was, therefore, well taken.

The judgment should be reversed and a new trial granted, costs to abide the event.

CULLEN, Ch. J., GRAY, BARTLETT, HAIGHT, VANN and WERNER, JJ., concur.

Judgment reversed.