(121 App. Div. 600.)

### SMITH v. NEW YORK ANTI–SALOON LEAGUE.

(Supreme Court, Appellate Division, Second Department. October 23, 1907.)

1. MALICIOUS PROSECUTION—ACTION—QUESTION FOR JURY.

In an action for malicious prosecution, *held*, under the evidence, a question for the jury whether defendant was the procuring cause or instigator of plaintiff's arrest.

2. TRIAL—OBJECTIONS TO EVIDENCE.

Where, in an action for malicious prosecution, the arresting officer was asked if he knew who applied for his appointment as a special policeman, and he answered that defendant did, an objection to the question on the ground that defendant "corporation must act through its officers" was properly overruled; the proper course having been to move to strike the answer, which should have been "yes" or "no."

3. SAME—QUESTIONS FOR JURY—UNCONTROVERTED MATTERS—MALICIOUS PROSECUTION—PROBABLE CAUSE.

In an action for malicious prosecution, it was proper to instruct that there was no probable cause for the prosecution, where it was undisputed that plaintiff did not sell liquor in a hotel as charged in the complaint against him.

4. MALICIOUS PROSECUTION—MALICE—INFERENCE FROM RECKLESS CHARGE.

In an action for malicious prosecution, a finding that defendant was reckless or grossly negligent in causing plaintiff's arrest on a charge of which he was innocent will support a finding of malice.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 33, Malicious Prosecution, § 64.]

**5. SAME.**

In an action for malicious prosecution, malice may be inferred from want of probable cause.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 33, Malicious Prosecution, § 67.]

**6. APPEAL—ERROR—WAIVER.**

An instruction may not be complained of on appeal, where it was not excepted to, no point was made of it on the motion for new trial, or on the argument, or in the brief.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 2, Appeal and Error, § 1516.]

Hooker, J., dissenting.

Appeal from City Court of Mt. Vernon.

Action for malicious prosecution by James H. Smith against New York Anti-Saloon League. From a judgment for plaintiff, and an order denying a new trial, defendant appeals. Affirmed.

Argued before JENKS, HOOKER, GAYNOR, RICH, and MILLER, JJ.

Elmer E. Cooley, for appellant.
Frank A. Bennett, for respondent.

GAYNOR, J. It cannot be gainsaid that the jury could have found the following facts from the evidence, direct and circumstantial. The defendant was incorporated "especially to form and foster public sentiment against the liquor traffic, and to direct that sentiment toward the enactment and enforcement of laws restraining and repressing the traffic in intoxicating liquors as a beverage," as appears from its certificate of incorporation. It employed one Dodge as its chief detective to find out violations of the liquor law. It paid him a regular salary, and also his expenses, including the hiring of any men he needed in the work. He employed one Brewster and others to represent and assist him. The defendant put Dodge to work on the city of Mt. Vernon. It requested the police commissioner of that city to appoint him a special policeman, and he was appointed. The city did not pay him for his work as such; the defendant did; it was included in his salary and expense account. He and his men caused the arrest and prosecution of a number of persons for violating the liquor traffic law in the said city. All of his expenses therein were paid by the defendant by means of bills regularly rendered. At some of the prosecutions the superintendent and general manager of the defendant was present in court with him. The plaintiff, a hotel keeper, was arrested by Dodge on a warrant obtained on the complaint of Brewster on a charge of selling liquor on Sunday in a hotel that he was never in and had nothing to do with, and was finally discharged on a hearing, after being first locked up and then bailed.

On these facts the learned trial judge refused to grant a nonsuit, and left it to the jury to say whether the defendant was the procuring cause or instigator of the plaintiff's prosecution. This was not error. Even those engaged in laudable work must not violate the law. The law considers the substance of things, and could not say that the evidence did not show that the defendant was engaged in the

business of getting evidence of violations of the liquor traffic law, and of prosecuting the delinquents. For what did it have Dodge appointed a special policeman unless to make arrests? And why did it pay all his expenses in getting evidence and prosecuting unless he was employed for that purpose? The law had to take a comprehensive view of the case, and leave it to the jury. That it was not proved that any officer of the defendant said to Dodge or the others in so many words to arrest and prosecute was not enough to take the case from the jury. There were other facts and circumstances to be considered; the whole purpose and previous course of conduct of the defendant had to be considered.

Dodge was asked by counsel for plaintiff if he knew who made the application for his appointment as a special policeman. He was allowed to answer without objection, and answered that the defendant did. Counsel for the defendant then objected to the question, the answer not being what he expected, or to his liking, stating as his ground that "this corporation must act through its officers." The objection was overruled and he excepted. The question called for the preliminary answer "yes" or "no," and such an answer would be competent. The objection to the question was therefore not well taken. The course was to move to strike the answer out, but this was not done. There are no other exceptions which need discussion. The learned trial judge was right in charging the jury that there was no probable cause. It was undisputed that the plaintiff did not sell liquor in the hotel alleged in the complaint against him, and there was no evidence or information that he did. It was for the jury to say whether the blunder of accusing him of doing so was not out of recklessness or gross negligence, and that would be enough to support a finding of malice. The learned trial judge was right in charging that malice could be found from the lack of probable cause. One passage in the charge seems to imply that malice could be found from two other previous prosecutions of the plaintiff; but it was not excepted to, nor was any point made of it on the argument nor is any made in the brief of counsel for appellant—nor was any made on the motion for a new trial.

The judgment and order should be affirmed.

Judgment and order of the City Court of Mt. Vernon affirmed, with costs. All concur, except HOOKER, J., who dissents.