(159 App. Div. 385.)

### SCHNEIDER v. SCHLANG.

(Supreme Court, Appellate Division, First Department. December 5, 1913.)

1. MALICIOUS PROSECUTION (§ 8*)—COMMENCEMENT OF PROSECUTION—WARRANT
   —"CRIMINAL PROSECUTION."

   The mere application for the issuance of a warrant on a criminal charge is a "criminal prosecution," and may form the basis of an action for malicious prosecution, even though the accused be not arrested.

   [Ed. Note.—For other cases, see Malicious Prosecution, Cent. Dig. § 8; Dec. Dig. § 8.*

   For other definitions, see Words and Phrases, vol. 2, pp. 1753, 1754.]

2. MALICIOUS PROSECUTION (§ 8*)—COMMENCEMENT OF PROSECUTION—SUMMONS
   OUT OF NEW YORK CITY MAGISTRATE'S COURT.

   Laws 1910, c. 659, § 82, defines the jurisdiction of inferior courts in the city of New York, and provides that when a complaint is made to a magistrate, who believes that in the public interest he should investigate the complaint, he may issue a summons in the name of the people, stating the nature of the offense charged, and that on failure to appear accused shall be liable to a fine not exceeding $25, and that upon the return the magistrate shall determine whether the case is one in which a warrant should issue. _Held_, that the issuance of a summons from a city magistrate's court served upon plaintiff requiring him, "under penalty of the law," to appear and answer to a charge of larceny made against him, was the commencement of a criminal prosecution and a basis for an action for malicious prosecution.

   [Ed. Note.—For other cases, see Malicious Prosecution, Cent. Dig. § 8; Dec. Dig. § 8.*]

   Hotchkiss, J., dissenting.

Appeal from Trial Term, New York County.

Action by Barnet S. Schneider against Alexander Schlang. From a judgment dismissing the complaint on motion on the ground that it failed to state a cause of action, plaintiff appeals. Judgment reversed, and new trial ordered.

See, also, 143 N. Y. Supp. 1142.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, DOWLING, and HOTCHKISS, JJ.

Claude Dore, of New York City, for appellant.
Julius Miller, of New York City, for respondent.

LAUGHLIN, J. The action is for malicious prosecution. The plaintiff sufficiently alleges that the defendant appeared in the city magistrate's court and charged and accused him with having committed the crime of larceny, "and prayed" that plaintiff be required to answer in said court for the alleged crime, whereupon a summons was duly issued and served on plaintiff requiring him "under penalty of the law" to appear in said court at a time and place specified, "there to answer the criminal charge made against him" by the defendant; that the charge was false and defendant knew it to be false, and made it maliciously, and instituted and prosecuted the proceeding without any reasonable or probable cause to believe that plaintiff was guilty of the crime; that on the return day of the summons a hearing was

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

had in said court, and plaintiff was examined and the court found him not guilty and dismissed the charge, and that the charge has not been prosecuted further; and that plaintiff suffered damages by loss of time, expenses incurred in appearing and producing witnesses in court, and for counsel fees, and in his name, reputation, and business, and through mental distress, resulting from said criminal accusation.

The summons was issued pursuant to the provisions of section 82 of chapter 659 of the Laws of 1910, being an act, which, among other things, defined the powers and jurisdiction of inferior courts in the city of New York. The provisions of said section, material to the appeal, are as follows:

"When a complaint, oral or written, is made to a magistrate and the magistrate is not satisfied that a crime has been committed, but believes that in the public interest he should inquire into and investigate the complaint so made, he may issue a summons."

The statute next prescribes the form and contents of the summons, and requires that it shall be issued in the name of the people and addressed to the accused, and shall state the nature of the offense with which he is charged, and that for his failure to appear he is "liable to a fine not exceeding twenty-five dollars." The statute further provides that a brief description of the offense shall be indorsed on the summons, and that a record shall be kept by the court of the issuance and disposition of each summons, and that upon the return of the summons the magistrate "shall inquire and investigate into the subject matter of the complaint and determine whether the case is one in which a warrant should issue," and that if the accused shall not appear "such failure to appear shall constitute contempt, which the magistrate is empowered to punish by a fine of not exceeding twenty-five dollars."

[1] The learned counsel for the respondent endeavors to sustain the judgment on the ground that an action for the malicious prosecution of a criminal proceeding will not lie, unless the prosecution resulted in the issuance of a warrant. It is now well settled that the mere application for, and issuance of, a warrant on a criminal charge, constitutes a criminal prosecution, and affords, in that regard, the basis for an action for malicious prosecution, even though the accused has not been arrested. Halberstadt v. N. Y. Life Ins. Co., 194 N. Y. 1, 86 N. E. 801, 21 L. R. A. (N. S.) 293, 16 Ann. Cas. 1102. There appears to be no controlling decision in this jurisdiction on the question as to whether a criminal prosecution, without the issuance of a warrant or the arrest of the accused, may afford the basis for an action for malicious prosecution. In civil cases, however, it has long been the rule:

"That the mere issue of various forms of civil process for service or other execution is sufficient independent of statute to effect the commencement of a case or proceeding." Halberstadt v. N. Y. Life Ins. Co., supra.

In Halberstadt v. N. Y. Life Ins. Co., supra, Judge Hiscock, in writing the majority opinion, after quoting the rule applicable to civil actions as herein stated, said:

"I see no reason why a similar rule should not be applied to criminal proceedings, at least for the purposes of such an action as this."

And assigns as an additional reason for the application of that rule to criminal prosecutions that:

"The substantial injury for which damages are recovered and which serves as a basis for the action may be that inflicted upon the feelings, reputation, and character by a false accusation as well as that caused by arrest and imprisonment."

Judge Hiscock makes the further argument that damages for such a wrongful accusation could not ordinarily be recovered in an action for libel or slander, and that the law demands "an adequate remedy for every legal wrong."

In the year 1848, the English Parliament enacted a Summary Jurisdiction Act (11 & 12 Vict. c. 43), which was amended in 1881 (44 & 45 Vict. c. 24, § 4, subd. 2), providing for the commencement of certain criminal actions by summons. The dismissal of a prosecution instituted by summons under the English act affords the basis in that jurisdiction for an action for malicious prosecution. Weston v. Beeman, 27 Law Journal, N. S. Exch. 57; Rayson v. South London Tramways Co., L. R. 2 Q. B. (1893) 304. A like ruling was made by the Supreme Court of New Brunswick in 1868, where the criminal prosecution was instituted by a summons and no warrant was issued. Vincent v. West, 12 N. B. 290.

[2] It had long been the practice of magistrates in New York to issue summonses for the investigation of criminal charges, although the authority therefor, if conferred, does not appear to have been expressly regulated by statute until 1910, when the statute in question, which is quite similar to the English statute, was enacted. It was held by the City Court at Special Term, and by the United States Circuit Court of Appeals in this district, that instigating a criminal prosecution by applying to a magistrate for the issuance of a summons charging a crime, whereby the accused was put to the trouble and annoyance, humiliation, and expense of meeting the charge, although on investigation it was dismissed, constituted the commencement of a criminal prosecution, and on the termination thereof in favor of the accused an action for malicious prosecution would lie. Ackermann v. Berriman, 61 Misc. Rep. 165, 114 N. Y. Supp. 937; Cook v. Proskey, 138 Fed. 273, 70 C. C. A. 563.

In Holmes v. Johnson, 44 N. C. 44, decided in 1852, the court, in a well-considered opinion, in sustaining an action for malicious prosecution where a warrant had been signed by a justice of the peace but was never delivered to an officer for execution, said:

"The foundation of an action for a malicious prosecution is the malice of the defendant, either expressed or implied; and whatever engines of the law malice may employ to accomplish its evil designs against innocent and unoffending persons, whether in the shape of indictment or information, which charge a party with crimes injurious to his fame and reputation, and tend to deprive him of his liberty; or whether such malice be evinced by malicious arrests, or by exhibiting groundless accusations, merely with a view to occasion expense to the party, who is under the necessity of defending himself against them, the action on the case affords an adequate remedy to the party injured."

144 N.Y.S.—35

It would seem on principle that if an action for malicious prosecution will lie where a warrant is not executed or placed in the hands of an officer for execution, and the accused has not been summoned to court, an action should be sustained where, pursuant to statutory authority, the plaintiff has, on a false charge maliciously made by the defendant without reasonable or probable cause, been summoned into court to answer the criminal charge, under penalty of being fined for contempt, and has thus been put to the trouble and annoyance and expense of appearing and participating in the investigation of the charge, and subjected to defamation of character. I regard it as quite clear that the application to a magistrate for a summons on a criminal charge, made maliciously and without reasonable or probable cause and the issuance and service of the summons thereon, is the institution of a criminal prosecution, and that upon a dismissal thereof after investigation by the court an action for malicious prosecution will lie.

It follows that the judgment should be reversed, and a new trial ordered, with costs to appellant to abide the event.

INGRAHAM, P. J., and McLAUGHLIN and DOWLING, JJ., concur.  HOTCHKISS, J., dissents.