JOSEPH C. GREW, Appellant, *v.* MOUNTAIN HOME TELEPHONE COMPANY, INC., Respondent.

Third Department, July 8, 1920.

**Malicious prosecution — probable cause as question of fact or law — action based on arrest for violation of section 1423 of Penal Law.**

In an action for malicious prosecution if the facts are undisputed and admit of but one inference, probable cause is a question of law, but if the facts are in dispute or admit of opposing inferences, the question is for the jury. Accordingly in an action for malicious prosecution, based on the arrest of the plaintiff at the instance of the defendant, a telephone company, on

the ground that he had violated section 1423 of the Penal Law in that he had willfully and maliciously displaced, removed and destroyed telephone lines, the wires thereon and the poles and appurtenances thereto, where there was no dispute as to the acts done, but there was a difference as to the substance, tenor and tone of the conversations had, with reference thereto between the plaintiff and the defendant's representatives tending to show on the one side that the acts were unavoidable and happened after the plaintiff had taken all precautions, and on the other that the acts by the plaintiff were willful and malicious, the question of probable cause should have been submitted to the jury.

H. T. Kellogg, J., dissents.

Appeal by the plaintiff, Joseph C. Grew, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of St. Lawrence on the 2d day of March, 1920, upon the dismissal of the complaint by direction of the court at the close of the case.

*Lowen Edward Ginn,* for the appellant.

*Thomas Spratt* [*George E. Van Kennen* of counsel], for the respondent.

Kiley, J.:

In the month of January, 1919, the defendant procured the arrest of the plaintiff upon the charge of violating section 1423 of the Penal Law of this State. The defendant is a domestic corporation, a telephone company, and the violation of the law complained of consisted in the alleged willfully and maliciously displacing, removing and destroying its telephone line, the wires thereon and the poles and appurtenances thereto. The acts complained of were in the information laid for the warrant in the language of the section above referred to, and said section is also referred to in the complaint in this action. Plaintiff was held by a justice of the peace for the grand jury. The grand jury failed to indict the plaintiff. This action was brought for malicious prosecution. The evidence shows that plaintiff is engaged in the trucking business, moving buildings, etc. On the 13th of January, 1919, he started to move a building along and over the highway for some distance to the village of Potsdam, N. Y. The building and skids upon which and with which it was being moved reached a height of about eighteen and one-half

feet. It came in contact with and broke one or more of defendant's wires and a pole and pulled down and broke a pole to which a guy wire was fastened. It was then dark and work stopped for the thirteenth. That night plaintiff called up the repair or wire trouble man in defendant's employ and told him what had happened and asked him to raise the wires so that he could proceed with moving the building. The reply was, that the company would do it if plaintiff would pay the expense; plaintiff, in effect, replied he would not pay but would be as careful as he could in moving the building; that it was in the highway and he had to get it out and off the road. It seems the wire trouble man of the company came to the place when the building was in the highway, repaired the wires that had been broken, but, while his attention was called to the wires ahead he did nothing to raise them out of their then present position. Plaintiff and his men unfastened some of the wires and raised them; one of the wires broke during this process. While there is some dispute about the substance of conversations had, and the manner of manipulation of the wires, the above constitutes the material facts upon which the warrant issued from Justice Court was based. Section 1423 of the Penal Law provides that the information laid for a warrant must show willful and malicious acts on the part of the person named in the warrant before one should issue. To sustain this action it must appear that facts and circumstances were such as to show want of probable cause to suspect that the defendant was guilty of the offense charged. The trial court held that plaintiff had failed to show such facts and circumstances upon the trial of this action as would warrant sending the case to the jury. It was held that plaintiff had failed to show a want of probable cause as a matter of law. There is no dispute between the parties as to wires broken and poles disturbed. There is no dispute between the parties as to how it was done; but there is a difference as to the substance, tenor and tone of the conversations had, with reference thereto, between plaintiff and defendant's representatives. Plaintiff's evidence is to the effect that it was unavoidable if he was to move his building, and happened while or after he had taken all of the

precautions he could to avoid it. Defendant's evidence is to the effect that the acts were willful and malicious and that plaintiff showed an utter disregard of any rights or property it had beside or over the highway. The rule seems to be well settled " that if the facts are undisputed and admit of but one inference, probable cause is a question of law, but if the facts are in dispute or admit of opposing inferences, the question is for the jury." (*Scott* v. *Dennett Surpassing Coffee Co.*, 51 App. Div. 321. Also to the same effect: *Costigan* v. *Met. Life Ins. Co.*, 39 App. Div. 644; *Heyne* v. *Blair*, 62 N. Y. 19; *Neil* v. *Thorn*, 17 Hun, 144; *Dann* v. *Wormser*, 38 App. Div. 460; *Brounstein* v. *Wile*, 47 N. Y. St. Repr. 788; *Hamilton* v. *Davey*, 28 App. Div. 457.)

It was error to dismiss the plaintiff's complaint. The judgment should be reversed and a new trial granted, with costs.

All concur, except H. T. KELLOGG, J., dissenting.

Judgment reversed and new trial granted, with costs to appellant to abide the event.