DAVID ROTHSCHILD, Plaintiff, *v.* MAURICE BIERMAN and Another, Defendants.

Supreme Court, Trial Term, Queens County, May 2, 1938.

*Moos, Nathan, Imbrey & Levine* [*Benjamin Lewis* of counsel], for the plaintiff.

*Samuel Bierman* [*I. Jacob Goldberg* of counsel], for the defendants.

KADIEN, J.   Plaintiff's employer, The Bridge Auto Renting Corporation, and the defendant corporation had an agreement with reference to the rental by the former to the latter of a truck.   A controversy arose between these corporations regarding certain rentals and credits.   On March 20, 1936, The Bridge Auto Renting Corporation, the owner of the truck, gave the plaintiff a letter of identification authorizing him to seize the truck on its behalf. He proceeded to the vicinity of the defendants' place of business, called a police officer on duty in the neighborhood, identified himself, explained the purpose of his call, notified the defendant corporation through its president, the defendant Maurice Bierman, of his intention to repossess and seize the truck, and did so in the presence of the police officer.

On the same day the defendant Bierman consulted his brother, an attorney, as to what occurred, and upon his advice proceeded to the Magistrates' Court, where a summons was issued which was served later that day, charging the plaintiff with the commission of the crime of unlawfully taking and withholding property belonging to the defendants, consisting of merchandise of the value of $500, which was on the truck at the time it was seized.

On April 9, 1936, the individual defendant signed a formal complaint in the Magistrates' Court, charging the plaintiff with the larceny of the aforesaid truck, valued at $1,275, and the contents thereof, consisting of enamelware, glassware and other personal property, valued at $314.   This property was stated to belong to the corporate defendant, and that the complainant had probable cause to suspect that the said property was feloniously taken, stolen and carried away by the plaintiff, and that the individual defendant was authorized to make the complaint by the corporate defendant, of which he was president.

The plaintiff was taken to the police station, where he was searched and booked, then to police headquarters, where his photograph was taken, and then he was taken to the Tombs, where he was confined for approximately eight or nine hours until bail in the sum of $500 was furnished.

The matter came on for hearing on April 16, 1936, at which time the defendants' driver and the police officer who was present when the seizure took place testified in connection with the complaint, and at the conclusion of the People's case the magistrate dismissed

the complaint and discharged the defendant, stating: " There being no sufficient cause to believe the within named defendant guilty of the offense within mentioned, I order him discharged."

In my opinion, whatever controversy may have existed between the plaintiff's employer and the defendant corporation concerning the truck, has no bearing upon the merits of the present controversy, for there is no question that the plaintiff's employer had title to the truck which it openly seized through the plaintiff under such claim of title in the presence of a police officer and the defendants.

It seems to me that the defendants were fully aware of the status of the plaintiff and the authority under which he repossessed the truck. Nevertheless, in utter disregard of these facts and of the plaintiff's rights, and without justification, they instituted a prosecution, which resulted in a dismissal after a hearing.

I am of the opinion that this prosecution was without probable cause from which malice may be inferred, not alone because the defendants knew that the truck belonged to plaintiff's employer, but also because whatever rights they had could have been enforced in a civil court. (*Toomey* v. *Delaware, Lackawanna & Western R. R. Co.,* 4 Misc. 392; affd., 147 N. Y. 709. See, also, *Smith* v. *New York Anti-Saloon League,* 121 App. Div. 600, 603.)

The defendants seek to justify the prosecution of the plaintiff on the ground that they acted on advice of counsel and of the magistrate who issued the summons, and that the issuance of the summons by the magistrate, and the dictum expressed by him at the time, constitutes a holding by a magistrate which is *prima facie* evidence of probable cause.

In this defendants are in error, for, as was held in *Parr* v. *Loder* (97 App. Div. 218, 221): " I understand the rule to be that advice of counsel and the like, is not a complete defense. In this case, where the question of probable cause was for the court, the advice of counsel or of magistrate is of no importance on that question."

Moreover, it was definitely established at the trial that there was no hearing before the magistrate who issued the summons. The appearance before him was for the purpose only of signing the complaint. It is only where a magistrate holds the defendant for a grand jury, or a grand jury indicts, that the existence of probable cause is shown *prima facie.* (*Chernow* v. *Feldman,* 251 App. Div. 329.) Such a holding by a magistrate, however, must be after an examination into the facts, and is *prima facie* evidence of probable cause only upon such examination. (*Hopkinson* v. *Lehigh Valley R. R. Co.,* 249 N. Y. 296, 300.)

In the case at bar the only examination was conducted by the magistrate who dismissed the complaint, and not by the magistrate who directed the issuance of the summons.

Upon all the facts, therefore, the plaintiff is entitled to recover the sum of $1,000, for which the entry of judgment is hereby directed. Thirty days' stay, sixty days to make a case.