Arnold L. Fein, J.
Plaintiff, Leonard Watson, a married man residing at 108-07 65th Road, Forest Hills, New York, .received in the mail, on or about January 26, 1957, a form letter from the Department of Welfare of the City of New York addressed to “ Leonard Watson 108-07 65th Road South Ozone Park, N. Y.”, demanding he support the child of one Ruby Wells, allegedly fathered by him out of wedlock. He promptly replied by a note on the form letter and by his own letter, stating in substance that (1) he was married, living with his wife and his 8%-year-old daughter; (2) he did not know Ruby Wells and had not fathered any child born to her; (3) his telephone number was IL 9-7313; and (4) if further information was sought he could be reached at that number. He told no one about the letter.
On or about April 28, 1957, some three months later, he received by mail, similarly addressed, a summons from the Court of Special Sessions requiring him to appear and show cause on May 1, 1957, why he should not be adjudged the father and be required to support the child, and warning that if he did not appear a warrant would issue for his arrest. He then advised his wife of the receipt of the summons and obtained a lawyer.
All three appeared in the Court of Special Sessions on May 1, 1957 as directed. Plaintiff was discharged by the court, on the basis of statements to the court by the Assistant Corporation Counsel of the City of New York, on behalf of the city, and Ruby Wells, the mother of the child, that he was not the guilty man, that he was not the father of the child. The court directed that a warrant issue for the right man.
Defendant, City of New York, argues that the Department of Welfare had a right and duty to rely on information furnished by the mother, as set forth in an affidavit executed by her, swearing that “ Leonard Watson, 108-07 65th Road, South Ozone Park, N. Y.” was the father of her child and upon the issuance of the summons by the Court of Special Sessions in reliance thereon and upon an affidavit of Philip Sokol, counsel to the Department of Welfare, based solely upon the mother’s affidavit.
If these were all the facts, the city might well have been entitled to a dismissal on the ground that there was probable cause for the institution of the proceeding against plaintiff as a matter of law. It is not unusual for a putative father to deny paternity. However, there was other undisputed evidence.
*544 The matter first came to the attention of the Department of Welfare almost nine months prior to the institution of the proceeding against plaintiff. In August, 1956, Ruby Wells, in connection with her application for assistance, advised the .Department of Welfare that she was pregnant by one “ Lenn Watson ”, who resided in South Ozone Park and was employed at Borough Automatic Corp., 1505 Coney Island Avenue, Brooklyn, N. Y. In response to the department’s inquiry, the employer advised in writing that Watson’s address was “704 Greene Avenue, Brooklyn, N. Y.” The department sent a letter to “ Lenn Watson ” at that address in the same form as that later sent to plaintiff. It also made inquiry of the Department of Motor Vehicles for the address of “Lenn Watson”. The motor vehicle inquiry was fruitless. The letter addressed to “ Lenn Watson ” at 704 Greene Avenue was returned, marked “Moved — left no address”. In November, 1956 the department case worker called the employer and was advised that “ Lenn Watson ” was still employed there and that his address was 702 Greene Ave., Brooklyn, N. Y. The department’s similar form letter to him at that address was never returned. Nor was there any response thereto. Further action was withheld pending birth of the child, a boy, on December 16, 1956.
On January 24, 1957, the mother, for the first time, advised the case worker that the putative father was ‘ ‘ Leonard Watson, .108-07 65th Road, South Ozone Park, Queens, telephone number IL 9-7313 ”. The case worker telephoned that number once. There being no answer, she sent out the above described form letter received by plaintiff. On February 6,1957, after receipt of plaintiff’s response, the case worker called the employer again. .She was then advised that “ Lenn Watson ” was still employed there and resided at 126-21 Inwood Street, South Ozone Park, New York. The same day she sent a similar form letter to “Lenn Watson ” at that address, marked “ Reply by 2/20”. There was never a response, nor was the letter returned. The following day the mother advised that her friend, “ Henry”, last name unknown, told her the putative father’s phone number was IL 9-7313. She stated she had never visited the putative father at that address or at any other address. On March 4, 1957, she advised the case worker she had telephoned “ IL-9-7313 ”. This was the same number as that furnished by plaintiff. She said that (1) she recognized the voice of the man who answered the phone as that of the father of her child; (2) he hung up upon hearing her voice; (3) she was certain he was the guilty man; (4) the man who had fathered her child *545 was married and had a child but was separated from his wife. She knew of no S^-year-old daughter.
Upon this basis the form affidavit above described was prepared for her signature by the department and she signed it. One month later, as authorized under the statute, Philip Sokol, counsel to the department, signed an affidavit, founded upon the mother’s affidavit. The affidavits requested the Court of Special Sessions to issue a summons against “ Leonard Watson, 108-07 ,65th Road, South Ozone Park, New York”, to answer the charge. None of the other addresses or information was set forth in either affidavit or otherwise furnished to the court.
The next day the Judge presiding directed that a summons issue, in reliance on the affidavits. See New York City Criminal Court Act (§§ 60, 64) authorizing a proceeding by the mother, or by the department, if the mother or child “is or is likely to become a public charge ”. (Now Family Ct. Act, § 511 et seq.)
The questions are whether these undisputed facts found an action for malicious prosecution and raise issues as to probable cause and malice, required to be submitted to the jury.
“ A malicious prosecution is one that is begun in malice, without probable cause to believe it can succeed, and which finally ends in failure ” (Burt v. Smith, 181 N. Y. 1, 5). In New York, the action lies for wrongs to a person either by initiating a criminal proceeding against him maliciously and without probable cause or by similarly instituting a civil action in which incidental relief is had, as by a provisional remedy which interferes with his person or property. (Chappelle v. Gross, 26 A D 2d 340; Burt v. Smith, supra; Sachs v. Weinstein, 208 App. Div. 360.) There does not appear to be any reported case in this State founding an action for malicious prosecution on a prior unsuccessful paternity proceeding.
However, the rationale of the cases demonstrates that the foundation for liability is the drastic actual or possible consequences of the unsuccessful prior proceeding upon which the action is predicated. Such consequences are the interference with person or property and the defamation and damage to .reputation akin to those flowing from criminal prosecutions or the use of provisional remedies in civil actions, or attendant upon actions said to be “ quasi-criminal ” (Prosser, Torts [3d ed.], 870 et seq.; Restatement, Torts, § 671 et seq.) Thus it has been held sufficient to ground an action for malicious prosecution on a variety of prior civil actions, such as (1) an action in which a body attachment issued (Otto v. Levy, 244 App. Div. 349), (2) an insanity proceeding (Hauser v. Bartow, 273 N. Y. *546 370; Cragin v. Zabriskie, 12 N. Y. S. 2d 871, affd. 258 App. Div. 714; Reade v. Ralpin, 193 App. Div. 566), (3) an action instituted by warrant of attachment based on allegations that one had departed the country to defraud his creditors (Bump v. Betts, 19 Wend. 421), (4) obtaining an injunction in a civil action (Burt v. Smith, 181 N. Y. 1, supra), (5) filing a Us pendens (Chappelle v. Gross, 26 A D 2d 340, supra; Schierloh v. Kelly, 253 App. Div. 373), (6) instituting a civil contempt proceeding (Sebring v. Van Aken, 235 App. Div. 420), (7) .instituting a bankruptcy proceeding (Sachs v. Weinstein, 208 App. Div. 360, supra; Levy’s Store v. Endicott-Johnson Corp., 272 N. Y. 155). Somewhat akin to these and close to our case are those founded on obtaining the issuance of a Magistrate’s Court summons. (Parr v. Loder, 97 App. Div. 218; Schneider v. Schlang, 159 App. Div. 385; Ackermann v. Berriman, 61 Misc. 165.) Although some of the cited cases found no liability, for failure to establish either want of probable cause or malice, they demonstrate the nature of the prior proceeding requisite as a foundation for the action.
Thus, it is not controlling whether a paternity proceeding in New York is civil or criminal. It has been described as “ quasi-criminal ” or as civil in essence but criminal in form, sometimes said to depend upon the court in which it was brought. (Cf. Hodson v. Hoff, 266 App. Div. 228, affd. 291 N. Y. 518; Commissioner of Public Welfare v. Simon, 270 N. Y. 188; Matter of Clausi, 296 N. Y. 354; Feyler v. Mortimer, 299 N. Y. 309; Matter of Bancroft, 276 App. Div. 485.) At the time of the institution of the proceeding against plaintiff, jurisdiction within the City of New York was conferred upon the Court of Special Sessions (New York City Crim. Cts. Act, §§ 60, 64). Presently jurisdiction is in the Family Court, and it is suggested the proceeding is now civil in nature. (McKinney’s Cons. Laws of N. Y., Book 29A, Judiciary, Family Ct. Act, § 523, .Committee Comments.)
The drastic consequences of a paternity proceeding warrant an action for malicious prosecution where there is lack of probable cause and malice. Although neither imprisonment nor a fine is authorized, it does result in an order of filiation and a direction for support, with the sanction of imprisonment if support is not provided. There is manifest interference with person and property and obvious injury to person and a certain moral obloquy, involving defamation and damage to reputation. .(See Reade v. Halpin, 193 App. Div. 566, supra.) This was not a case of disputed paternity, which might raise a different ques *547 tion. There was no evidence of any connection between plaintiff and the mother. The action lies.
It is undisputed that the paternity proceeding terminated on the merits favorably to this plaintiff. This independent element, although not determinative on the issue of probable cause, is an essential foundation for liability (Burt v. Smith, 181 N. Y. 1, supra; Kezer v. Dwelle-Kaiser Co., 222 App. Div. 350).
The remaining elements are want of probable cause and malice. As the jury was charged, the burden was on plaintiff to establish that the prior proceeding or prosecution was without probable cause and with malice. The city contends that .these are questions of law and thát as a matter of law- plaintiff failed to establish either. Where the facts and the inferences to be drawn therefrom are undisputed the issue of probable cause is one of law for the court and not for the jury. Instructive are the cases finding probable cause or want of probable cause, as a matter of law. (Burt v. Smith, supra; Rawson v. Leggett, 184 N. Y. 504; Hopkinson v. Lehigh Val. R. R. Co., 249 N. Y. 296; Freedman v. New York Soc. for Suppression of Vice, 248 App. Div. 517, affd. 274 N. Y. 559; Hazzard v. Flury, 120 N. Y. 223; Hobson v. Koch, 115 App. Div. 299.) However, where there is a dispute as to the facts or the inferences to be drawn by a reasonable person from the facts, the issue of probable cause is for the jury (Munoz v. City of New York, 18 N Y 2d 6; Halsey v. New York Soc. for Suppression of Vice, 234 N. Y. 1; Burns v. Wilkinson, 228 N. Y. 113; Long Is. Bottlers’ Union v. Seitz, 180 N. Y. 243; Carl v. Ayers, 53 N. Y. 14; see Burt v. Smith, supra; Brown v. Simab, 20 A D 2d 121).
The issue is then, whether ‘ ‘ a discreet and prudent person would be led to the belief ” that the act has “ been committed by the person charged ’’. (Carl v. Ayers, 53 N. Y. 14, 17, supra; Munoz v. City of New York, 18 N Y 2d 6, supra.) If the apparent facts are such that a discreet and prudent person would be led to such belief, he will be justified, although it turns out that he was deceived and the party accused was innocent. 1 ‘ One may act upon what appears to be true, even if it turns out to be false” (Burt v. Smith, 181 N. Y. 1, 6, supra; Carl v. Ayers, supra; Munoz v. City of New York, supra).
Although the facts here are undisputed, the inferences which a reasonable person might draw from them are patently in dispute.
Would a discreet and prudent person in the possession of the conflicting evidence possessed by the Department of Welfare have instituted the proceeding against the plaintiff? (Heyne v. Blair, 62 N. Y. 19; Besson v. Southard, 10 N. Y. 236.) This *548 was the issue tendered to the jury. Where there are facts from which conflicting inferences may be drawn it is for the jury to determine whether the investigation was adequate and painstaking to the required extent. (Brown v. Simab, 20 A D 2d 121, supra; Hyman v. New York Cent. R. R. Co., 240 N. Y. 137; Davenport v. New York Cent. & Hudson Riv. R. R. Co., 149 App. Div. 432; Hopkinson v. Lehigh Val. R. R. Co., 249 N. Y. 296, supra; Ahrens v. Lefstein, 186 App. Div. 953; Sweet v. Smith, 42 App. Div. 502.) The last-cited case notes that the elements to be considered are the availability and difficulty of obtaining further information, the reliability of the source, the opportunity afforded to the accused to make an explanation, and the necessity for prompt action. (Cf. Hobson v. Koch, 115 App. Div. 299, supra.) As has been noted, in requesting the summons here, the department did not submit to the court the evidence of other addresses and place of employment; nor the difference in first names, nor plaintiff’s written denial. Nor did it obtain a description of the putative father or attempt to arrange a confrontation with the mother.
Although on the evidence here, there was almost enough to find want of probable cause as a matter of law, it was proper to submit this question to the jury, and the jury was entitled to find that the investigation and the institution of the proceeding were not the acts of a discreet and prudent person. (Grew v. Mountain Home Tel. Co., 192 App. Div. 863, affd. 233 N. Y. 560; Galley v. Brennan, 216 N. Y. 118; Besson v. Southard, 10 N. Y. 236, supra; Carl v. Ayers, 53 N. Y. 14, supra.) The jury was pharged that it is not determinative as to probable cause that the prior proceeding terminated favorably and that the jury must consider the facts as they appeared at the time, not as they ultimately turned out. (Wallenstein v. Rosenbaum, 241 App. Div. 374.)
As to malice, it is not necessary to prove evil intent, improper motive or purpose to do harm. (Dean v. Kochendorfer, 237 N. Y. 384; Hyman v. New York Cent. R. R., 240 N. Y. 137, supra.) “ Conscious falsity ” is not requisite in the setting of .this case, unlike the facts in Munoz v. City of New York (18 N Y 2d 6, supra). It is sufficient if the evidence would warrant the trier of the facts in concluding that the paternity proceeding was instituted with a wanton and reckless disregard of the rights of others. (Smith v. New York Anti-Saloon League, 121 App. Div. 600; Long Is. Bottlers’ Union v. Seitz, 180 N. Y. 243, supra; Carl v. Ayers, 53 N. Y. 14, supra.) This is a question of fact, even where it is possible to find want of probable cause as a matter of law. (Hazzard v. Flury, 120 N. Y. 223, supra.) *549 Malice may be inferred from lack of probable cause. (Dean v. Kochendorfer, supra; Sidorsky v. Lemkin, 188 N. Y. S. 401; Hopkins on v. Lehigh Val. R. R. Co., 249 N. Y. 296, supra; Grew v. Mountain Home Tel. Co., 192 App. Div. 863, supra; Scott v. Dennett Surpassing Coffee Co., 51 App. Div. 321; Parr v. Loder, 97 App. Div. 218, supra; Sweet v. Smith, 42 App. Div. 502, supra; McKown v. Hunter, 30 N. Y. 625.) Although it is palpable there was no evidence of ‘ ‘ conscious falsity ’ ’, evil intent, improper motive or purpose to do harm in this case, it was proper to submit to the jury the question whether in the face of the conflicting evidence in the possession of the department, from which conflicting inferences might flow, its action was in wanton and reckless disregard of the rights of the plaintiff: (Munoz v. City of New York, 18 N Y 2d 6, supra; Parr v. Loder, supra; Halsey v. New York Soc. for Suppression of Vice, 234 N. Y. 1, supra; Smith v. New York Anti-Saloon League, 121 App. Div. 600, supra.) The evidence was sufficient to support the finding of the jury. (Carl v. Ayers, 53 N. Y. 14, supra.) It was adequate for a finding of malice in law, all that is requisite.
The remaining questions relate to the liability of the defendant city for malicious prosecution based upon the acts of its employees. The liability of the city for the torts of its employees in the scope of their employment is now undisputed. (Bernardine v. City of New York, 294 N. Y. 361; McCrink v. City of New York, 296 N. Y. 99.) Malicious prosecution is a tort, embraced in the waiver of immunity. The action of the department personnel was not judicial or discretionary. It was ministerial and nondiscretionary, hence, not insulated by immunity. This result is implicit in the cases, although not discussed. (Munoz v. City of New York, 18 N Y 2d 6, supra; Caminito v. City, 45 Misc 2d 241, revd. on other grounds, 25 A D 2d 848, affd. 19 N Y 2d 931; see Peers v. State of New York, 6 Misc 2d 779.) The liability of an employer for malicious prosecution founded on an employee’s acts within the scope of the employee’s authority is undoubted. (Smith v. New York Anti-Saloon League, 121 App. Div. 600, supra; Hyman v. New York Cent. R. R. Co., 240 N. Y. 137, supra.) It is undisputed that the case worker of the Department of Welfare and its counsel were acting within the scope of their authority in instituting the paternity proceeding.
It is not a defense that the Magistrate issued a summons based on the information furnished by the mother and the department’s counsel. (Parr v. Loder, 97 App. Div. 218, supra; Schneider v. Schlang, 159 App. Div. 385, supra; Pandolfo v. Brodell, 3 A D 2d 853; Long Is. Bottlers’ Union v. Seitz, 180 *550 N. Y. 243, supra.) It is not without significance that the information furnished to the Magistrate in obtaining the summons was incomplete and omitted conflicting evidence. (Hopkinson v. Lehigh Val. R. R. Co., 249 N. Y. 296, supra; see Marks v. Townsend, 97 N. Y. 590, 597.) Nor is it a defense, as urged by the city, that the summons was served by mail and that plaintiff responded thereto without having been arrested or without awaiting the issuance of a warrant. (Cragin v. Zabriskie, 12 N. Y. S. 2d 871, affd. 258 App. Div. 714, supra; Ackermann v. Berriman, 61 Misc. 165, supra; Schneider v. Schlang, supra.) The mere issuance of a warrant without service thereof is sufficient to ground the action. (Halberstadt v. New York Life Ins. Co., 194 N. Y. 1.) Equally untenable is the city’s argument that it addressed the letter and summons to “ South Ozone Park ” and it is not responsible because delivery was to “ Forest Hills ”. The street address was controlling. The court judicially notices that there is only one such street address in Queens County, in which both “ South Ozone Park” and “ Forest Hills ” are located. Moreover, plaintiff’s initial response showed his address as “ Forest Hills ”.
Although the verdict of the jury in the amount of $6,000 was generous it is not the province of the court to disturb it unless it is such as to shock the conscience of the court. (Van Ullen v. Grazadei, 26 A D 2d 606.) The elements of damage in a malicious prosecution case include the cost of counsel to defend the prior action and the damage to. the plaintiff’s health, reputation and well-being. (Scott v. Dennett Surpassing Coffee Co., 51 App. Div. 321, supra; Thorp v. Carvalho, 14 Misc. 554.) Although these may be difficult concepts to equate with money, this has never been held a ground for denying damages.
The defendant city’s motions to set aside the verdict as against the weight of the evidence and excessive and for judgment notwithstanding verdict and to dismiss the complaint are all denied.