JOSEPH CARL, Appellant, v. GEORGE L. AYERS, Respondent.

While the law protects one who in good faith and upon reasonable grounds causes the arrest of another upon a criminal charge, and while in making the accusation he may act upon appearances, he cannot act upon mere conjecture, or put a false and unreasonable construction upon the acts of the other, and then justify himself upon the plea that he did thus act upon appearances. The apparent facts to afford a justification must be such that a discreet and prudent person would be led to the belief that a crime had been committed by the person charged.

In an action for malicious prosecution and false imprisonment, plaintiff's evidence tended to show that while upon a steamboat, having his attention attracted to defendant's child by her severe coughing, he went to where defendant with his wife and child were sitting to suggest a remedy. Not being able to approach defendant in front, he stepped behind him, touched him upon the shoulder, saying he wished to speak to him. He was roughly answered, and turned to leave, but turned back and stated to defendant that he intended to speak to him about his

child. Defendant wore a valuable diamond pin. He soon after the transaction caused the arrest of plaintiff on the charge of an attempt to steal the pin. Plaintiff was nonsuited. *Held,* error; that from these facts there was no reasonable ground to suspect plaintiff of a criminal intent.

(Argued May 7, 1873; decided May 20, 1873.)

APPEAL from judgment of the General Term of the Supreme Court in the second judicial department, affirming a judgment in favor of defendant, entered upon an order nonsuiting plaintiff at circuit.

The action was for malicious prosecution in charging plaintiff with stealing or attempting to steal a diamond pin, and for causing his arrest and imprisonment under such a charge.

The parties, at the time of the transaction out of which the cause of action arose, were on a steamboat returning from an excursion to Coney Island. The evidence on the part of plaintiff was in substance that plaintiff was in company with a friend, and the defendant had with him his wife and two children, who were sitting a short distance from the plaintiff and on the same deck. One of the defendant's children had the hooping-cough, and plaintiff's attention was attracted by her severe coughing. He told his friend that he knew of a valuable remedy, which had been used successfully in case of his own child, and said he had a great mind to go over and tell the defendant about the remedy. His friend encouraged him in it by saying, "why don't you do it?" Plaintiff then went over to where defendant and his wife were sitting, immediately opposite one another, and not being able to approach him in front, he stepped behind the defendant and tapped him on the shoulder, so as to attract his attention. The defendant looked up, and plaintiff said he wished to speak with him. The defendant answered, "if you have anything to say, say it here." This attracted the attention of other people sitting around, and plaintiff was on the point of walking away, but turned and said to the defendant that he merely wished to speak to him with reference to his child's sickness. The defendant

said, "you never mind about my child; you mind your business and I will mind mine." Soon afterward the defendant pointed the plaintiff out to the detective officer, and preferred a charge against him of larceny or attempt to steal his diamond pin. The defendant insisted on the plaintiff's arrest, and he was taken to the station-house in Brooklyn, where the charge of "larceny from the person" was preferred against him. The arrest was made on the boat, over half an hour before it reached Brooklyn, and in the presence of the passengers. After being taken to the station-house by the officer in company with the defendant, he was imprisoned all night in a cell, and all of Sunday following, and until Monday morning about eleven o'clock, when he was taken before a justice, who discharged him after hearing the testimony of the defendant and his wife.

Other facts appear in the opinion.

*Amasa J. Parker* for the appellant. As there was a conflict of evidence, there was a question of fact for the jury, and it was error to direct a nonsuit. (*Hall* v. *Suydam*, 6 Barb., 83; *Besson* v. *Southard*, 10 N. Y., 240.) Defendant's good faith, without reasonable cause for making the charge, is not sufficient to protect him from liability. (*Foshay* v. *Ferguson*, 2 Denio, 619; *Munns* v. *Nemours*, 3 Wash. C. C., 37; *Baldwin* v. *Weed*, 17 Wend., 224, 233, note; *Besson* v. *Southard*, 10 N. Y., 239; *Hall* v. *Suydam*, 6 Barb., 84, 89.)

ANDREWS, J. The court was not justified in nonsuiting, the plaintiff if there was any evidence of the want of probable cause for causing his arrest and imprisonment, or unless the case upon the whole proof was such that a verdict for the plaintiff upon that issue would have been set aside by the court as against evidence. (*Marsten* v. *Deyo*, 2 Wend., 424; *Davis* v. *Hardy*, 6 B. & C., 225.) If the evidence on the part of the plaintiff would have justified the jury in finding that the defendant acted without probable cause, then, although the proof on the part of the defendant tended to the opposite conclusion, the nonsuit was erroneously

granted. There was no independent or conceded fact shown on the part of the defendant which, admitting the case made by the plaintiff, established the existence of probable cause. In considering the propriety of the nonsuit, the plaintiff is entitled to the concession that the facts existed as they appear in the evidence on his part, and upon these facts, aided by any fact favorable to the plaintiff proved by the defendant, the right of the court to nonsuit is to be determined. Probable cause, which will justify a criminal accusation, is defined to be a reasonable ground of suspicion, supported by circumstances sufficiently strong in themselves to warrant a cautious man in his belief that the person accused is guilty of the offence with which he is charged. (*Munns* v. *Dupont*, 3 Wash. C. C., 37; *Foshay* v. *Furguson*, 2 Denio, 617; *Bacon* v. *Towne*, 4 Cush., 218.)

It does not depend upon the guilt or innocence of the accused or upon fact, whether a crime has been committed. (*Baldwin* v. *Weed*, 17 Wend., 224; *Bacon* v. *Towne*, *supra*.) A person making a criminal accusation may act upon appearances, and if the apparent facts are such that a discreet and prudent person would be led to the belief that a crime had been committed by the person charged, he will be justified, although it turns out that he was deceived and that the party accused was innocent. Public policy requires that a person shall be protected, who in good faith and upon reasonable grounds causes an arrest upon a criminal charge, and the law will not subject him to liability therefor. But a groundless suspicion, unwarranted by the conduct of the accused, or by facts known to the accuser, when the accusation is made, will not exempt the latter from liability to an innocent person for damages for causing his arrest. A man has no right to put the criminal law in motion against another, and deprive him of his liberty upon mere conjecture that he has been guilty of a crime. He cannot be allowed to put a false and unreasonable construction on the conduct of another, and then justify himself for causing an arrest, by claiming that he acted upon appearances. The application of

these familiar principles to the facts in this case leads to a reversal of the judgment. It is not claimed that any larceny was committed, and there was not upon the plaintiff's narration of the circumstances any ground for charging the plaintiff with an attempt to commit a larceny. The case, as made by the plaintiff, is this: While upon the boat his attention was attracted to the defendant's child by her severe coughing and he went to the place where the defendant was sitting with his wife and child to inform him of a remedy, and not being able to pass in front of the defendant, he went behind him, and touched him once or twice on the shoulder to attract his attention, saying he wished to speak with him. He was roughly answered and turned to leave, but turned back and stated to the defendant that he intended to speak with him about his child, and the defendant again replied with great incivility, and soon afterward caused the plaintiff to be arrested on the charge of an attempt to steal his diamond pin. The defendant wore a valuable pin in his shirt bosom, but it does not appear that the plaintiff saw it, nor had he touched the defendant's person, except when he put his hand upon his shoulder. Upon these facts, there was no reasonable ground to suspect that the plaintiff had a criminal motive. His conduct was neither unusual or improper. There was no act of the plaintiff which could be construed as an attempt to commit a crime. If the defendant entertained a suspicion that the plaintiff designed to take his pin, it was not justified by the circumstances. The evidence on the part of the defendant materially conflicted with that of the plaintiff, but we can consider only the case made by the plaintiff, and we are of opinion that the evidence on his part disclosed a want of probable cause for the arrest, and that the nonsuit was improperly granted.

The judgment should be reversed and a new trial ordered, with costs to abide the event.

PECKHAM, RAPALLO and FOLGER, JJ., concur.

CHURCH, Ch. J., GROVER and ALLEN, JJ., do not vote.

Judgment reversed.