EDWARD C. NEIL, RESPONDENT, *v.* ANDERSON THORN, DANIEL KENNARD AND ANTHONY M. FERRIS, APPELLANTS.

*Action for malicious prosecution — probable cause, a question for the jury.*

Plaintiff, a school-teacher, procured an order from Ferris, one of the trustees, upon the district collector, upon the express agreement that it should not be presented until signed by the other trustees. Plaintiff, without procuring such other signatures, presented the order to the collector and received the money, stating that he had shown it to another trustee, and that he had said it was all right. This statement was false; Ferris made an affidavit as to the facts before a justice of the peace and procured plaintiff's arrest for obtaining money by false pretences

In an action by plaintiff for malicious prosecution and false imprisonment, *held,* that whether or not there was a reasonable cause for procuring the arrest was a question for the jury.

APPEAL from a judgment in favor of the plaintiff, entered upon the verdict of a jury.

*Calvin Frost,* for the appellants.

*Francis Larkin,* for the respondent.

BARNARD, P. J. :

The complaint in this action contained two distinct causes of action; one for false imprisonment and one for malicious prosecution. Upon the trial it appeared that the plaintiff was a schoolteacher, and that the defendants were trustees of the school district in which he taught. That the plaintiff applied to the defendant Ferris for an order on the district collector for twenty-six dollars; that Ferris gave such order upon the express agreement and understanding that the same should not be presented or used, until plaintiff had procured *the signatures* of the other trustees

thereto ; that the plaintiff, in violation of his agreement, had presented the order signed by the one trustee, and told the collector at the time that he had seen Kennard, one of the other trustees, and that he said it was all right. The collector paid the money. The plaintiff, in fact, had not seen Kennard ; Kennard had not said it was all right. Ferris made affidavit of the facts and procured a warrant from William Turk, a justice of the peace, against the plaintiff for obtaining money by false pretences. The plaintiff was arrested and after an examination was discharged. There was proof tending to show that the defendant Ferris had stated the exact facts in regard to the transaction to the justice, and that he advised the procuring the warrant alluded to therein, which was done. Upon this state of facts the court erred in charging the jury that if the plaintiff had an action for malicious prosecution, he had one for false imprisonment also. There is no similarity between the actions. One lies for an illegal arrest ; the other when the arrest was legal in form and was made under due legal process from a court of competent jurisdiction, but when the complaint is made without probable cause and maliciously. One is based upon the right to immunity from arrest, except for good cause and by proper authority ; the other is based upon a malicious abuse of the forms of law to injure another. The actions differed on different principles and require different proof to sustain them. The court erred in charging the jury upon the facts proven that, as matter of law, there was no reasonable cause for procuring the arrest. That was a fact for the jury to determine. All men would not draw an inference of malice from the facts as proven against the defendants. In such cases it is a question for twelve men to determine. (*Heyne* v. *Blair*, 62 N. Y., 19; *Fagnan* v. *Knox*, 66 id., 525; *Bulkeley* v. *Keteltas*, 2 Seld., 384.)

The court charged that the presenting the order by plaintiff, in violation of his agreement to procure the signatures of the other trustees, was not a criminal act, and that, therefore, there was no probable cause for the arrest. The action does not depend upon the guilt or innocence of the accused, or upon the fact whether a crime has been committed. (*Carl* v. *Ayers*, 53 N. Y., 14.) The defendants might act upon appearances, and if they acted in good faith and without malice and upon sufficient facts, the action

for malicious prosecution will not be against them, even if the accused person be innocent. I cannot concur with the court that, as matter of law, it was no criminal act to get money upon an order to which a person agrees to get other signatures before using it, and which he failed to do; but falsely told the person on whom the order was drawn that one of the persons, who was to sign the same, verbally assented to the payment of the money upon it. It was for the jury to say whether there was a felonious intent. It is not necessary, however, to pass upon this question. The errors assigned are sufficient to call for a new trial.

Judgment reversed, and new trial granted, costs to abide event.

Present — BARNARD, P. J., and GILBERT, J.; DYKMAN, J., not sitting.

Judgment and order* denying new trial reversed, and new trial granted, costs to abide event.

---

\* The case does not show an appeal from the order.—[REP.