ARANDA BARBER, RESPONDENT, *v.* HESTER ANN GOULD, EXECUTRIX, ETC., OF WILLIAM GOULD, DECEASED, AP-PELLANT.

*Malicious prosecution — the fact that the proceeding against the plaintiff termi-nated in his favor, is not conclusive evidence of his innocence.*

Although the plaintiff in an action for malicious prosecution is bound to prove that the proceedings instituted against him have been terminated by the failure of the grand jury to indict or otherwise, yet this fact, when proved, is not conclusive evidence of his innocence, and the defendant may prove that the plaintiff was in fact guilty of the crime with which he was charged.

APPEAL from a judgment in favor of the plaintiff, entered upon the verdict of a jury.

The action was brought against one William Gould (since deceased), to recover damages for an alleged malicious prose-cution and false imprisonment of the plaintiff. The jury brought in a verdict in favor of the plaintiff for forty-five dollars.

After the entry of the judgment herein, and the perfection of this appeal therefrom, the defendant Gould died, and his widow, his executrix, was substituted in his place.

*U. G. Paris*, for the appellant.

*John B. Haskin*, for the respondent.

*Per Curiam :*

The recovery in this case is small. The grounds to justify the defendant's testator in causing the arrest of the plaintiff were certainly very slight. There seems to have been very little indeed which warranted him, at the time when he procured the warrant, in suspecting that the plaintiff was guilty of the crime.

But there is one part of the charge of the court which seems to us erroneous. The court charged that the failure of the grand jury to indict was conclusive evidence of the plaintiff's innocence. Such failure, or some other termination of the prosecution is, it is true, a pre-requisite to the action. And, as stated in *Carl* v. *Ayers*, (53 N. Y., 14), the question, in an action for malicious prosecution, does not depend altogether on the guilt or innocence of the accused. It does not follow when an innocent man is prosecuted for crime that his accuser is *guilty* of malicious prosecution. The accuser may have good and sufficient reason to believe that the accused is guilty, and if so, he is justified in his action. But, on the other hand, the guilty man can have no ground of complaint when he is prosecuted, however slight the evidence against him. And, therefore, a conviction of the crime would prevent the convict from asserting that he had been maliciously prosecuted.

The converse, however, does not follow. The prosecutor is not concluded by the failure of the grand jury to indict. Such failure is not conclusive evidence of the innocence of the accused. He might be indicted at some future time. And as the actual guilt of the accused would be an important element in considering the charge of malicious prosecution, it must be open to the defendant in such an action to show such actual guilt.

The judgment must be reversed, and as it appears that Gould has died since the trial it is unnecessary to order a new trial.

Present — LEARNED, P. J., BOCKES and BOARDMAN, JJ.

Judgment reversed.