■ KATHLEEN FOLEY, INC., Appellant-Respondent, v. GULF OIL CORPORATION et al., Respondents-Appellants, and CHARLES T. WOLFF et al., Respondents.— In an action to recover damages for conspiracy by defendants to take away plaintiff's customers, the jury rendered a verdict (a) against the two corporate defendants for $50,000 compensatory and $35,000 punitive damages, and (b) in favor of the two individual defendants. The trial court granted the motion of the corporate defendants to set aside the verdict against them and ordered a new trial as to them on the ground: (a) that there was no competent proof of compensatory damages because the proof did not show that plaintiff had made a profit from its business prior to defendants' wrongful conduct; and (b) that, since there was no basis for compensatory damages, the award of punitive damages was also required to be set aside. The trial court denied the plaintiff's motion to set aside the verdict in favor of the two individual defendants. Such verdict resulted from the trial court's charge that the individual defendants could not be held liable for damages as conspirators unless the jury found that they profited individually from their acts. An order and judgment incorporating the foregoing were duly entered, respectively, in the Supreme Court, Nassau County, on January 30, 1958 and on February 21, 1958. Plaintiff appeals: (a) from the said order, which grants the motion of the corporate defendants to set aside the jury's verdict as against them, which grants a new trial as to them, and which denies plaintiff's motion to set aside the jury's verdict in favor of the individual defendants; and (b) from the said judgment which, in effect, dismisses the complaint against the individual defendants. The corporate defendants cross-appeal from so much of said order as grants a new trial with respect to them. Their position is that the trial court should have dismissed the complaint instead of granting a new trial. Order modified on the law and the facts as follows: (1) by striking out its first decretal paragraph setting aside the jury's verdict in plaintiff's favor against the two corporate defendants and granting a new trial as to them " upon the ground that there is no competent proof of damage to sustain the award of the jury against said defendants "; (2) by striking out its third decretal paragraph restoring the action for trial for a specific date; (3) by substituting therefor a paragraph setting aside the jury's verdict in plaintiff's favor against the two corporate defendants and granting a new trial as to them, unless, within 30 days after the entry of the order hereon, plaintiff shall file a stipulation consenting to reduce the verdict in its favor to $22,000 for compensatory damages and to $10,000 for punitive damages, in which event the corporate defendants' motion to set aside the jury's verdict in plaintiff's favor against them and for a new trial, is denied; (4) by striking out its second decretal paragraph denying the plaintiff's motion to set aside the jury's verdict in favor of the individual defendants; (5) by substituting therefor a paragraph granting plaintiff's said motion to set aside the jury's verdict in favor of the individual defendants and granting a new trial as to said defendants; (6) by adding another paragraph severing the action as to said individual defendants in the event the plaintiff shall file such stipulation; and (7) by adding a further paragraph directing the entry of judgment accordingly in the event such stipulation be filed. As so modified, the order insofar as appealed from, is affirmed, with costs to plaintiff. The judgment appealed from is vacated on the law and the facts, with costs to plaintiff. The record is sufficient to sustain the finding of the jury that all the defendants conspired to and did take away plaintiff's customers unlawfully and without plaintiff's consent. This finding entitles plaintiff to recover as compensatory damages the amount of loss sustained by it, including opportunities for profit on the accounts diverted from it through defendants' wrongful conduct (*Duane Jones Co.* v.

*Burke,* 306 N. Y. 172; *Keviczky* v. *Lorber,* 290 N. Y. 297). Whether in prior years plaintiff had made profit from its business generally, is immaterial. Plaintiff is entitled to recover from defendants the profit lost on the customers diverted by them. This profit is computed by deducting from the gross income derived from these customers, the cost of delivering oil to them and plaintiff's overhead allocable to this income. In our opinion, the record is sufficient to sustain a finding that plaintiff's loss, as thus computed, amounted to $22,000. Since this tort was committed maliciously and since the question of punitive damages was submitted to the jury without exception, defendants may not now question such submission (*Gill* v. *Montgomery Ward & Co.,* 284 App. Div. 36, 40; *Korber* v. *Dime Sav. Bank,* 134 App. Div. 149). In view of the reduction in the compensatory damages, the punitive damages should be reduced to $10,000. As this action is one to recover damages arising out of defendants' fraud, it was error to charge that the individual defendants (the agents and officers of the corporate defendants) are not liable to plaintiff if they had not profited from the fraud (*Laska* v. *Harris,* 215 N. Y. 554). It should be noted that, while a new trial is being granted unconditionally as to the individual defendants, the new trial will become unnecessary and will be rendered academic in the event plaintiff shall file the stipulation to reduce the verdict as against the two corporate defendants and in the event said defendants or either of them shall satisfy the judgment as thus reduced. Once plaintiff has been paid its damages it would not be entitled to any further recovery from the individual defendants. Beldock, Acting P. J., Ughetta, Kleinfeld and Pette, J., concur; Brennan, J., not voting.