■ ROBERT V. DOWELL et al., Appellants, v. HARRY T. REMMER, JR., et al., Respondents.— Judgment and order insofar as they dismissed the complaint of plaintiff Maralynn A. Dowell against defendant The Faxton Hospital reversed on the law and facts and a new trial granted as to said hospital, with costs to appellant Maralynn A. Dowell to abide the event, and in all other respects judgment and order affirmed. Memorandum: At the close of plaintiffs' case the court denied defendant Faxton Hospital's motion to dismiss with the statement that "I think you have stated a cause of action and I deny the motion to dismiss the third cause of action. Clearly you have some questions of fact to go to the jury, I think." When the jury returned a verdict in favor of plaintiff Maralynn A. Dowell against The Faxton Hospital the court granted defendant hospital's motion to set aside the verdict and dismissed the complaint on the ground that "Under the circumstances, there was no competent medical proof of brain hemorrhage causing death to the infant and the resultant damages to plaintiff." We cannot agree with the court's conclusion that the proof presented by the plaintiffs was so incredible that

the jury could not have found from all of the evidence that the hospital was negligent. There was, in fact, sharp conflict in testimony as to the manner in which plaintiff wife was treated and the jury apparently accepted the plaintiff wife's testimony as being the more credible and more persuasive. The court in its charge cast grave doubt on the value of the testimony given by plaintiff's medical expert. The quality of this proof and its probative worth were fact questions to be left to the jury's determination. In reviewing that determination " we must take the view of the proof most favorable to the verdict." (*Hannan* v. *Schmitt*, 18 A D 2d 854.) If the court had determined that the verdict was contrary to the weight of the evidence, it should have set aside the verdict and ordered a new trial. Its dismissal of the complaint was tantamount to saying that by no rational process could the jury have found a verdict for the plaintiff. This, we believe, was erroneous, but we do find that the verdict of the jury was against the weight of the credible evidence. All concur except Williams, P. J., and Henry, J., who dissent and vote to affirm in the following Memorandum: In our opinion the complaint against the defendant, the Faxton Hospital, was properly dismissed. Plaintiffs offered no adequate and probative proof as to the cause of death of the infant. Plaintiffs' so-called medical expert testified: " Under the description of the head it is stated that there is a moderate amount of hemorrhage in the galea aponeurotica especially in the occipital region, and this is the cause of death, *the hemorrhage into the brain in the occipital region,* which is the presenting part of the fetus as it passes through the birth canal. It is presenting itself foremost in the birth canal. This is the area that received the obstruction and *resulted in the hemorrhage into the brain leading to death.*" (Emphasis added.) The difficulty with his testimony is that it is medically and anatomically incorrect. The hemorrhage was into the galea aponeurotica, which is not in the brain. The galea (also called the galea aponeurotica) is " the aponeurotic structure of the scalp, connecting the separated parts of the occipitofrontalis muscle". (Dorland's Medical Dictionary [23d ed.], pp. 540, 875, 956; see, also, 3 Gray's Attorneys' Textbook of Medicine [3d ed.], §§ 89.11–89.12; Gray's Anatomy [Lewis] [22d ed.], p. 375.) Again, he testified that the galea aponeurotica is the supporting structure that contains the brain, and that it is the membrane between the two hemispheres of the brain. He also said that it divided the lobes of the brain and that the hemorrhage would have involved brain tissue. This is completely inaccurate. The galea aponeurotica is outside the skull, and a hemorrhage in that region would not involve the brain. Therefore testimony, essential to the plaintiffs' case, to prove the cause of death was completely inaccurate and inexpert, and is entitled to no probative force. (*Quinones* v. *St. Vincent's Hosp.,* 20 A D 2d 529.) The error is so fundamental as to render the testimony nugatory and of no force and effect, and leaves a void in the plaintiffs' proof which requires the dismissal of the complaint as to the hospital. (Appeal from judgment and order of Oneida Trial Term of no cause of action in favor of defendant Remmer and which sets aside the verdict of the jury in favor of Maralynn A. Dowell against Faxton Hospital and dismisses the complaint.) Present — Williams, P. J., Bastow, Goldman, Henry and Del Vecchio, JJ.