Bergan, J.
Plaintiff Anna Munoz was arrested August 21, 1959 by defendant Daniel Linton, a police patrolman of the City of New York, on a charge of assault in the second degree. The Magistrate at the preliminary bearing reduced the charge to assault, third degree; and the defendant was acquitted after a trial at Special Sessions.
In this action by Mrs. Munoz and her husband against the arresting patrolman and the City of New York for malicious prosecution the Trial Term dismissed the complaint at the end of the proof and granted judgment for defendants on the law. With two Justices dissenting, the Appellate Division affirmed. The question on appeal is whether plaintiffs made out a ease prima facie.
Mrs. Munoz denied assaulting defendant Linton and, since on the motion to dismiss the evidence must be viewed favorably to plaintiffs, it could not be held as a matter of law that she had assaulted him. It might well be found on the facts that a verdict in favor of plaintiffs, if one were returned, would be against the weight of evidence in view of the corroboration of *9 defendant Linton’s narrative by a fellow police officer and a hospital record which might be deemed also to support his testimony. But the case was not disposed of on the weight of evidence; the action was dismissed on the law, and this requires us to judge the record by the applicable principles of malicious prosecution.
In a single incisive sentence Judge Vann laid down the essentials of malicious prosecution in Burt v. Smith (181 N. Y. 1, 5). The rule has nowhere been stated more succinctly than this: “A malicious prosecution is one that is begun in malice, without probable cause to believe it can succeed, and which finally ends in failure.”
Care must especially be taken here with the critical word “ malicious ”. A man may institute a well-founded prosecution with the worst of motives and the prosecution will not be deemed malicious. Or he may act on evidence which would seem reasonably to justify making a charge, and the prosecution will not be malicious if he was mistaken about the true meaning of the evidence. Thus, in practice, “malice ” as here conjoined with “prosecution” often comes to mean conscious falsity.
Used in this special and rarified sense “malice” must go with a lack of probable cause. Prosser has commented on the well-understood judicial reluctance to entertain the action “ which runs counter to obvious policies of the law in favor of encouraging proceedings against those who are apparently guilty, and letting finished litigation remain undisturbed and unchallenged” (Prosser, Torts [3d ed.], 859). “There is no other cause of action which is more carefully guarded ” (Green, Judge and Jury, 338).
A rather substantial amount of judicial discussion of ‘ ‘ probable cause ” turns on the issue whether the prosecutor acted reasonably in believing a charge was justified with the evidence at hand. In an accusation such as an assault charged on direct observation of the prosecutor and denied by the accused, however, probable cause would be a rather narrower question and could well turn on whether or not the prosecutor told the truth when he laid the charge. This, in turn, would largely be a factual question. There would be “ probable cause ” in such a case, then, if the prosecutor laid a true charge.
*10 The termination of the prior prosecution favorably to the plaintiff is essential to the maintenance of any action for malicious prosecution. But the prior acquittal or dismissal plays a special kind of role. It is a kind of pre-condition to the later action, the sine qua non; and it is thoroughly settled that its termination favorably to the plaintiff is not conclusive in the second action; and so the truth or falsity of the original charge is open to factual reappraisal (54 C. J. S., Malicious Prosecution, § 33, p. 994). Prosser has examined this problem in some detail (op. cit., pp. 858-859). The burden of proof, of course, is somewhat- different in the' action from what- it was in the earlier prosecution. (Groom, Proof of Crime in a Civil Proceeding, 13 Minn. L. Rev. 556.)
As Judge Sears noted in Keser v. Dwelle-Kaiser Co. (222 App. Div. 350, 356), “ the essential element of want of probable cause is distinct from the element of favorable termination”. Sometimes the termination of the prior proceeding favorably to plaintiff may have been so inconclusive or have been effected by settlement or by fraud in such a way as to afford no. “foundation” to malicious prosecution (Levy’s Store v. Endicott-Johnson Corp., 272 N. Y. 155, 162).
Often the problem is whether the prosecutor was justified from the appearance of things in believing the charge to have been warranted. This would embrace situations where a prudent man might believe, from, the facts coming to him, another guilty, even though the accused were acquitted or even innocent in fact.
In either case if the prosecutor is found to have- acted in good faith in presenting truthfully the evidence which led to his complaint he incurs no liability and sometimes the record is such that the question can be decided as a mattér of law and sometimes i-t must be left for factual resolution.
If the apparent facts are such “ that a discreet and prudent person would be led to the belief that a crime has been committed by the person charged, he will be justified, although it turns out that he was deceived and the party accused was innocent ” (Carl v. Ayers, 53 N. Y. 14, 17). “ One may act on what appears to be true, even if it turns out to be false ” (Vann, J., in Burt v. Smith, supra, p. 6).
*11 Some of the leading New York cases on malicious prosecution are addressed to just this problem. In Rawson v. Leggett (184 N. Y. 504) it was held as a matter of law that there was enough evidence of participation by defendants’ employee in a larcenous plan, when all the facts were seen together, to warrant defendants ’ instituting a criminal prosecution; but the court was closely divided as to whether this sufficiency of evidence justifying the prosecution could be decided as a question of law, with Hiscock, J., writing vigorously against the Per Curiam opinion.
In Burt v. Smith (supra) it was held that on the plaintiff’s own showing, the injunction upon which the malicious prosecution action was based, there was probable cause to institute the injunction suit and hence the question was determinable as one of law. Similarly, in Hopkinson v. Lehigh Val. R. R. Co. (249 N. Y. 296), when the defendant presented its facts truthfully to the public prosecutor, who himself sought an indictment, it was said as a matter of law the action would not lie. (See, also, Freedman v. New York Soc. for Suppression of Vice, 248 App. Div. 517, affd. 274 N. Y. 559, where there was, as Glennon, J., noted at the Appellate Division [p. 520], no substantial dispute of fact.)
But where it is demonstrated that there is a dispute about either the true state of facts, or the inferences to be drawn by a reasonable person from the facts which led to the prosecution, the uniform rule has been to require there be a factual resolution at a trial.
A leading case is Long Is. Bottlers’ Union v. Seitz (180 N. Y. 243). Defendant had a directed verdict on the trial. The judgment was reversed here and a new trial ordered. It was held probable cause for the prosecution was a question of fact. Even where facts are substantially undisputed, and it is possible to rule on probable cause as a matter of law, the existence of malice has been deemed a question of fact (Hazzard v. Flury, 120 N. Y. 223).
A significant decision addressed to the law-fact problem in malicious prosecution is Brown v. Simab Corp. (20 A D 2d 121 [1963]). There the plaintiff had been indicted and acquitted on the charge of grand larceny based upon his having falsely represented that he had made a title search of property upon *12 ■which, a loan was made. A verdict was returned in the malicious prosecution action for plaintiff.
This was set aside at the Appellate Division as against the weight of evidence largely on the basis of the documents in the case, hut (and this is significant for the case before us) the court refused to dismiss the complaint “ because if the evidence is viewed in a manner most favorable to plaintiff Brown and his testimony may be deemed to be true, there would be a prima facie case, albeit a dubious one ” (p. 124).
Thus in the disputed factual case before us it cannot be held as a matter of law that defendant Linton prosecuted Mrs. Munoz with probable cause and without malice. As in Carl v. Ayers (supra, p. 18), it may be said here, “ The evidence on the part of the defendant materially conflicted with that of the plaintiff, but we can consider only the case made by the plaintiff, and we are of opinion that the evidence on his part disclosed a want of probable cause for the arrest, and that the nonsuit was improperly granted”. See, also, Burns v. Wilkinson (228 N. Y. 113) where the court, holding a factual issue existed, reversed a judgment at the Appellate Division dismissing the complaint. On the present record a factual issue is demonstrated.
The order of the Appellate Division should be reversed and a new trial ordered, with costs to abide the event.
Chief Judge DesmoNd and Judges Fuld, VaN Vookhis, Burke and KeatiNG concur with Judge BergaN ; Judge Scileppi dissents and votes to affirm.
Order reversed, etc.