**Theodore R. BRADY and William J. Lebeck, Plaintiffs,**

v.

**PENN CENTRAL TRANSPORTATION COMPANY, Defendant.**

No. 73 Civ. 3317.

United States District Court, S. D. New York.

Dec. 1, 1975.

Bromsen, Gammerman, Altier & Wayne, New York City, for plaintiffs; Ira Gammerman, New York City, of counsel.

Robert M. Peet, New York City, for defendant; Henry W. Herbert, New York City, of counsel.

## MEMORANDUM AND ORDER

LEVET, District Judge.

The above entitled action is a suit under the Federal Employers' Liability Act, 45 U.S.C. § 51 et seq., for false arrest and malicious prosecution. The plaintiffs were employees of the defendant at the time of their arrest on September 6, 1970.

The defendant moves this court for an order dismissing plaintiffs' complaint and/or for summary judgment on the ground that the plaintiffs' complaint fails to state a cause of action cognizable under the Federal Employers' Liability Act and fails to state a claim upon which relief can be granted.

The plaintiffs were in the employ of the defendant railroad in the capacity of car inspectors and repairmen. On September 6, 1970, plaintiffs were arrested for an attempted burglary of property from a railroad box car in a train which was located on defendant's "make-up" tracks at 78th Street, New York, New York. This arrest was based on an incident occurring the preceding evening when allegedly the plaintiffs had undertaken their attempted burglary.

On December 3, 1970, the plaintiffs were indicted by the Grand Jury but that pending indictment was dismissed in February, 1973, upon recommendation of the District Attorney's office.

During the pendency of these criminal charges, the plaintiffs were parties to a disciplinary proceeding brought by the defendant in accordance with the terms of the collective bargaining agreement then in effect. As a result of that hearing held on September 5, 1970, the plaintiffs were dismissed as employees of the defendant railroad. Various administrative appeals followed to different levels

of the railroad management but at each level the findings and disciplinary action of the hearing officer was sustained. The plaintiffs appealed to the National Mediation Board. On June 25, 1975, the Board rendered its decision and sustained the determination of the railroad, except that it directed that each plaintiff be reinstated *without* back pay.

The defendant contends that the torts of malicious prosecution and false arrest are not actionable under the F.E.L.A. In support of its contention, the defendant cites the case of *Forgoine v. United States*, 202 F.2d 249 (3rd Cir.), cert. denied 345 U.S. 966, 73 S.Ct. 950, 97 L.Ed. 1384 (1953). In that case, a seaman sought to recover for false arrest and false imprisonment under the Jones Act. The court, which equated the scope of negligence under the Jones Act with that under the F.E.L.A., said that the torts of false arrest and false imprisonment were not actionable under the negligence concept of the Jones Act. In addition to *Forgoine*, the defendant has cited the following in support of its position: *Fullerton v. Monongahela Connecting R. Co.*, 242 F.Supp. 622 (D.C.Pa. 1965); *Beanland v. Chicago, Rock Island & Pacific R. Co.*, 480 F.2d 109 (8th Cir. 1973); *Sharkey v. Penn Central Transportation Co.*, 493 F.2d 685 (2d Cir. 1974).

The plaintiffs rely on the case of *Slaughter v. Atlantic Coast Line Railroad Co.*, 112 U.S.App.D.C. 327, 302 F.2d 912 (1962). The *Slaughter* decision relies primarily on a United States Supreme Court case, *Jamison et al. Executors v. Encarnacion*, 281 U.S. 635, 50 S.Ct. 440, 74 L.Ed. 1082 (1930). In *Jamison*, the Court permitted recovery for an assault under Section 33 of the Merchant Marine Act of 1920 (Jones Act), 46 U.S.C. § 688. Section 688 adopts the negligence standards of the F.E.L.A.

This court has read the memoranda and cited cases supplied by counsel. As a result, I find that the torts of malicious prosecution and false arrest are not actionable under the F.E.L.A. This court believes that the *Slaughter* case extended *Jamison* far beyond its scope.

*Jamison* dealt with an intentional assault which resulted in a definite physical injury. In this case, we are dealing with false arrest and malicious prosecution; these are torts which by their nature do not result in the infliction of physical harm. In the view of this court, the F.E.L.A. has as its purpose the compensation of railroad employees who are *physically* injured as the result of their employment. This view is consistent with *Jamison*, which permitted recovery for physical injuries suffered during the course of employment. Consequently, plaintiffs' claim under the F.E.L.A. is dismissed.

At a pre-trial conference, held several weeks ago, the question of whether the plaintiffs had a basis of jurisdiction based on "diversity of citizenship" was discussed. Diversity was not pleaded by the plaintiffs in their complaint. However, the court will consider the issue at this time. Assuming, arguendo, that such a basis of jurisdiction exists, the defendant contends that the plaintiffs are precluded from litigating the issues of false arrest and malicious prosecution because of a finding of the National Mediation Board, dated June 25, 1975. That decision stated in part:

> "The Board, having weighed and considered all of the evidence and argument submitted, finds and concludes that the Carrier has provided proof as measured by preponderance of the evidence that Grievant committed the above act of misconduct and that discipline was indeed well warranted. Attempted theft is clearly a disciplinable act of gross misconduct."

The defendant contends that the issue of plaintiffs' involvement in the attempted theft of September 5, 1970 has already been established by the National Mediation Board decision. Consequently, the defendant claims that plaintiffs are estopped from asserting that their arrest, at the instigation of the defendant, was wrongful in nature.

Defendant relies on the decision of *Union Pacific RR. Co. v. Price*, 360 U.S. 601, 79 S.Ct. 1351, 3 L.Ed.2d 1460 (1959),

and cases based thereon (*Andrews v. Louisville & Nashville RR. Co.*, 406 U.S. 320, 92 S.Ct. 1562, 32 L.Ed.2d 95 (1972); *Rinker v. Penn Central Transportation Co.*, 350 F.Supp. 217 (1972); *Johnston v. Interstate RR.*, 345 F.Supp. 1082 (1972), in support of its position. Plaintiffs contend that the Union Pacific decision applies to a subsequent lawsuit brought to re-litigate the issues of a wrongful discharge from employment. Plaintiffs further contend that since this is an action for false arrest and malicious prosecution, the Union Pacific case is inapplicable.

This court has read the above mentioned cases. The Union Pacific case and those which followed that decision concern a re-litigation of a wrongful discharge. The Railway Labor Act has established a method of settling disputes between employees and the railroad employer. Courts have taken the position that one may not make use of the adjudicatory machinery of the Railway Labor Act and upon a disappointing result, seek redress in the courts.

The plaintiffs, in the instant case, are not asserting a claim for wrongful discharge. If they were, they would be estopped by reason of their participation in administrative proceedings under the Railway Labor Act. In such a case, plaintiffs would be precluded from asserting such a claim because of the decision of the National Mediation Board.

Plaintiffs assert claims for false arrest and malicious prosecution. There is nothing in the Union Pacific case which bars these plaintiffs from asserting a cause of action which falls outside the scope of the National Mediation Board inquiry. The National Mediation Board's decision was concerned with determining whether there was sufficient cause to sustain the disciplinary determinations made at lower levels of the administrative framework.

On page 3 of the plaintiffs' reply memorandum, the following statement appears:

"The jury, in considering the actions of defendant's employees, is not limit-

ed merely to review the company hearing, but may consider testimony at the trial, all of which was not part of the record before the Public Law Board." (emphasis added)

Thus, the plaintiffs assert that there are fact questions which would be relevant to the claim of malicious prosecution.

Under the concept of "diversity of citizenship", the statutory and decisional law of New York would govern the instant case, *Erie v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938). There is no dispute between the parties as to the applicability of New York law to the claims of false arrest and malicious prosecution.

■ In New York, malicious prosecution is the suing or prosecuting of an individual without just cause. It is a proceeding which is judicial in nature, *Munoz v. City of New York*, 18 N.Y.2d 6, 271 N.Y.S.2d 645, 218 N.E.2d 527 (1966). The elements of a cause of action for malicious prosecution are the institution of criminal proceedings or a civil action, want of probable cause, malice, favorable termination of the criminal proceeding or civil action and damages.

On September 6, 1970, the plaintiffs were arrested for attempted burglary. Subsequently, plaintiffs were indicted by a grand jury for the crimes of attempted grand larceny and possession of burglar's tools. The prosecution of the plaintiffs remained inactive until February, 1973, when the District Attorney assigned to the case decided that he could not prove the guilt of the plaintiffs beyond a reasonable doubt. The indictment was dismissed in February, 1973.

■ The fact that the indictment was discontinued against the plaintiffs does not, in and of itself, constitute a lack of probable cause for the initial arrests. As Judge Sears noted in *Kezer v. Dwelle-Kaiser Co.*, 222 App.Div. 350, 356, 225 N.Y.S. 722, 729 (1927), "the essential element of want of probable cause is distinct from the element of favorable termination". Sometimes the termination of the prior proceeding favorably to

plaintiff may have been so inconclusive or have been effected by settlement or by fraud in such a way as to afford no foundation to malicious prosecution, *Levy's Store v. Endicott-Johnson Corp.,* 272 N.Y. 155, 162, 5 N.E.2d 74, 76 (1936). As was previously mentioned, the plaintiffs assert that there are questions of fact relating to the dismissal of the indictment against the plaintiffs. Such fact questions could have an effect on the issues of favorable termination and probable cause.

In the recent decision of *Heyman v. Commerce and Industry Insurance Co.,* 524 F.2d 1317, 1319 (2nd Cir. 1975), Chief Judge Kaufman stated:

> "But, the 'fundamental maxim' remains that on a motion for summary judgment the court cannot try issues of fact; it can only determine whether there are issues to be tried. *American Manuf. Mutual Ins. Co. v. American Broadcasting-Paramount Theatres, Inc.,* 388 F.2d 272, 279 (2d Cir. 1967); *Cali v. Eastern Airlines, Inc.,* 442 F.2d 65, 71 (2d Cir. 1971). Moreover, when the court considers a motion for summary judgment, it must resolve all ambiguities and draw all reasonable inferences in favor of the party against whom summary judgment is sought. *United States v. Diebold, Inc.,* 369 U.S. 654, 655, 82 S.Ct. 993, 8 L.Ed.2d 176 (1962), with the burden on the moving party to demonstrate the absence of any material factual issue genuinely in dispute, *Adickes v. Kress & Co.,* 398 U.S. 144, 157, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970). This rule is clearly appropriate, given the nature of summary judgment. This procedural weapon is a drastic device since its prophylactic function, when exercised, cuts off a party's right to present his case to the jury. *Donnelly v. Guion,* 467 F.2d 290, 291 (2d Cir. 1972)."

■ This court believes that there are questions of fact as to plaintiffs' claim of malicious prosecution. Consequently, summary judgment must be denied as to this cause of action.

■ Plaintiffs have asserted a cause of action for false arrest. This court assumes that this is, in reality, an action for false imprisonment. If so, such an action would be time barred under New York Law, C.P.L.R. § 215, *Huff v. State,* 27 A.D.2d 892, 278 N.Y.S.2d 12 (1967).

This court will grant leave to the plaintiffs, if they so desire, to amend their complaint to allege a cause of action for malicious prosecution based on "diversity". It should be noted that this court will, sua sponte, examine the allegations of said amended complaint as to the sufficiency of plaintiffs' contentions that they have each been damaged in a sum which is in excess of $10,000, exclusive of interest and costs. This court does not pass on the merits of plaintiffs' claims nor on any possible defenses thereto. The said amended complaint shall be served on or before ten days from the date hereof.

So ordered.