■ EDWIN C. STOKES, Respondent, v MILTON M. KASE et al., Appellants. —In an action *inter alia* to recover damages for malicious prosecution, defendants appeal from so much of an order of the Supreme Court, Rockland County, entered April 16, 1975, as denied their motion for summary judgment. Order affirmed insofar as appealed from, with $50 costs and disbursements. In our opinion it cannot be said, as a matter of law, that plaintiff's answer to the involuntary bankruptcy petition filed by the corporate defendants herein in the United States District Court on October 4, 1965, which petition was prepared and processed by the individual attorney/ defendants herein, placed in issue in that proceeding the question whether the filing of the petition was malicious and without probable cause. On March 6, 1972 the referee in bankruptcy rendered a decision dismissing the involuntary petition. That decision says nothing on the subject of costs. However, the order entered thereon stated: "adjudged, that the petition filed in this proceeding be and the same hereby is dismissed. *It appearing that Edwin C. Stokes contributed to the confusion of the petitioning creditors in the manner in which he operated his various corporations* and in occasioning further expense and delay by reason of his unsuccessful Chapter XI petition, no costs will be taxed against the petitioning creditors." (Emphasis supplied.) In our opinion that comment, and the papers submitted on plaintiff's unsuccessful ensuing motion to delete that comment, do not establish, as a *matter of law,* that the corporate defendants and their attorneys did not file the involuntary petition with malice and without probable cause. The main issue in the involuntary proceeding was whether plaintiff, while insolvent, permitted a judgment to be filed against him on June 14, 1965 without having it vacated or discharged within 30 days. The costs question was only a fringe issue. While plaintiff's motion to delete the

referee's comment *did* attack defendants' good faith, it cannot be said, on the record before us and without a trial, that, as a matter of law, the determination of the costs issue collaterally estops plaintiff from prosecuting this suit. Thus, the questions of malice and want of probable cause cannot be decided as a matter of law; issues of fact are presented which can only be resolved after a trial (see *Munoz v City of New York,* 18 NY2d 6, 10–11). We find no merit to defendants' contention that, because no receiver or trustee was appointed, etc., there was no judicial interference and that the case of *Sachs v Weinstein* (208 App Div 360) is not applicable or is distinguishable. The traumatic and drastic impact of the mere filing of an involuntary bankruptcy petition is fully set forth and explained in *Sachs,* and the authority of that case is not undermined by *Burt v Smith* (181 NY 1 [noted in *Sachs v Weinstein, supra,* p 366]) or by *Williams v Williams* (23 NY2d 592). Hopkins, Acting P. J., Martuscello, Damiani, Christ and Hawkins, JJ., concur.