■ RICHARD W. COLEGROVE, Respondent, v CITY OF CORNING et al., Appellants, et al., Defendant.—Judgment unanimously affirmed, with costs. Memorandum: Plaintiff-respondent sued defendants-appellants, City of Corning and Patrolman Terrance A. Davies, for false arrest and malicious prosecution. The trial court properly dismissed the cause of action for false arrest and the jury returned a verdict for the plaintiff of $55,000 as damages for malicious prosecution. Defendants contend that there was insufficient proof to submit the issues of want of probable cause and actual malice to the jury; that the trial court's charge contained misstatements of law; that improper evidence was received on the issue of damages and that the amount found by the jury was excessive. The facts leading up to the securing of the warrant are uncomplicated. Plaintiff owned and operated a retail jewelry and watch repair business. He was arrested for having in his possession, in violation of section 220.45 of the Penal Law, three oil applicators which he used in the repair of watches and clocks and which were purchased from a jewelry supply house. The defendant patrolman had secured a warrant for plaintiff's arrest which charged him with having in his possession hypodermic instruments. There was no claim by the police, and a complete absence of any evidence at trial, that the instruments were used or sold for use as hypodermic needles. The one instrument which was being used contained oil. The matter was submitted to a Grand Jury which refused to indict plaintiff. It is axiomatic that in determining whether a verdict is against the weight of the credible evidence the reviewing court "must view the proof most favorable to the verdict" *(Dowell v Remmer,* 24 AD2d 542, 543; *Hannan v Schmidt,* 18 AD2d 854). The essentials of malicious prosecution were succinctly stated in *Munoz v City of New York* (18 NY2d 6, 9) where the court, quoting from *Burt v Smith* (181 NY 1, 5) stated: "A malicious prosecution is one that is begun in malice, without probable

cause to believe that it can succeed, and which finally ends in failure." (See, also, *Broughton v State of New York,* 37 NY2d 451, 457.) Defendants urge that plaintiff's evidence was insufficient to support a finding of a lack of probable cause of actual malice. They claim that the court erred in charging the jury that in determining whether "probable cause existed [it] depends upon whether a reasonably prudent person would have believed the plaintiff guilty of the crime charged on the basis of the facts known to the defendant at the time the prosecution was initiated or which he then reasonably believed to be true". It has long been held that the rule is whether there is such a "want of any reasonable cause, such as would persuade a man of ordinary care and prudence to believe in the truth of the charge" *(Burt v Smith, supra,* pp 5-6; see, also, *Munoz v City of New York, supra,* p 10; *Hyman v Central R. R. Co.,* 240 NY 137, 143; PJI 3:50). Frequently, the issue of lack of probable cause is a question of law for the trial court. However, where, as in the instant case, "it is demonstrated that there is a dispute about either the true state of facts, or the inferences to be drawn by a reasonable person from the facts which led to the prosecution, the uniform rule has been to require there be a factual resolution at a trial" *(Munoz v City of New York, supra,* p 11; see, also, *Halsey v New York Soc. for Suppression of Vice,* 234 NY 1, 3). Since plaintiff's arrest was based on possession of alleged hypodermic instruments whose blunt tips do not appear to be adapted to the piercing of one's skin, a jury question was presented on the lack of probable cause. The trial court's charge adequately presented this question for the jury's consideration. On the issue of malice a showing of lack of probable cause may be sufficient to support an inference of actual malice *(Munoz v City of New York, supra,* p 11). Evidence was produced to show that defendant Davies procured an arrest warrant on a less than candid and complete disclosure of all the facts known to him. He did not disclose to the Judge issuing the warrant that he knew that the instruments were purchased from a jewelry supply house; that he had actually seen oil in one applicator which plaintiff was using; that he knew that there was not the slightest suspicion that plaintiff was using it or making it available to others for illegal purposes. The jury could, and its verdict demonstrates that it did, infer actual malice from the existence of these facts. Defendants challenge the admission of plaintiff's evidence on the issue of damages due to loss of profits as too speculative. It is well settled that "damages cannot be remote, contingent or speculative * * * The fact that they cannot be measured with absolute mathematical certainty does not bar substantial recovery if they may be approximately fixed * * * Reasonable certainty as to the amount is all that is required * * * The mere fact that they are based upon loss of profits *per se* does not bar recovery * * * provided they are reasonably certain in amount and can be traced directly and with reasonable certainty * * * to the exclusion of other causes" *(Steitz v Gifford,* 280 NY 15, 20). Plaintiff operated a small retail establishment which understandably did not have sophisticated bookkeeping records. He presented documentary evidence of his bank deposits for the year preceding his arrest and for the year after the arrest. The gross income for these two years was shown, as was the amount of the orders placed with suppliers for materials purchased. There was sufficient evidence to permit the jury to make a determination with reasonable certainty of the financial condition of the business before and after plaintiff's arrest (see *Kathleen Foley, Inc. v Gulf Oil Corp.,* 12 AD2d 644, 645, affd 10 NY2d 859; cf. *Cameras for Ind. v I. D. Precision Components Corp.,* 30 AD2d 526). In the circumstances, such as the loss of business profits, the fact that after his

arrest plaintiff's business suffered so greatly that he became a bankrupt and is now reduced to operating his business from his home, the effects of the attendant adverse publicity on plaintiff's wife and children, as well as himself, it cannot be said that the jury verdict is excessive. (Appeal from judgment of Steuben Supreme Court—false imprisonment, etc.) Present: Marsh, P. J., Mahoney, Dillon, Goldman and Witmer, JJ.